MERCADO ET AL., DEMANDANTES Y APELANTES, *v.* SUCESIÓN DE FERREIRO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre nulidad de venta e inscripciones.

MOCIÓN de la apelada para que se desestime la apelación.

No. 1881.—Resuelto en junio 28, 1918.

INTERPRETACIÓN DE LA LEY No. 27 DE NOVIEMBRE 27, 1917—NEGLIGENCIA O DESCUIDO DEL TAQUÍGRAFO.—Así como cuando el pliego de exposición del caso o de excepciones se redacta por el mismo apelante de acuerdo con la ley de 1911, él sufre las consecuencias de su propio descuido, negligencia u olvido en su preparación, cuando él prefiere que ese trabajo lo haga el taquígrafo de la corte, debe sufrir también las consecuencias de la conducta de dicho empleado que por su voluntad lo sustituye en ese trabajo, y por tanto, si el taquígrafo no presenta la transcripción de la evidencia dentro del tiempo que se le fijó por la corte, es lo mismo que si el apelante no lo presentara cuando se hizo cargo de redactarlo, y no existiendo ningún pliego de exposición del caso o de excepciones, los treinta días que tiene el apelante para presentar la transcripción ante el tribunal de apelación no han de contarse desde la aprobación de la exposición del caso sino desde que radicó su escrito de apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José G. Torres.*

Abogado de la apelada: *Sr. Eduardo López Tizol.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El artículo 299 del Código de Enjuiciamiento Civil de 1904 disponía la manera de presentar una apelación en este Tribunal Supremo contra sentencias de las cortes de distrito. A este artículo se le dió nueva redacción por la Ley No. 70 del año 1911, según la cual la parte apelante debía preparar un pliego de excepciones o exposición de hechos en forma narrativa y presentarlo al juez para su aprobación, para que luego formara parte del legajo de la sentencia. En el caso de *Martínez* v. *Soto Nussa,* 22 D. P. R. 141 resolvimos que podían redactarse esos pliegos sin necesidad de las notas taquígraficas. Posteriormente la Ley No. 27 de noviembre

27, 1917, autorizó a la parte apelante para substituir dicho pliego de excepciones o de exposición del caso por una transcripción de la evidencia preparada por el taquígrafo, presentada por éste al secretario de la corte y aprobada por el juez con citación de las partes, formando entonces parte del legajo de la sentencia.

En el caso presente la parte apelante hizo uso del derecho de elección concedido por esa ley y dentro del término que ella fija presentó escrito al secretario de la corte inferior haciéndolo constar así y entonces el juez concedió 20 días al taquígrafo para que presentara al secretario la transcripción de la evidencia. El taquígrafo no entregó al secretario la transcripción dentro del término que se le había fijado y entonces la parte apelada nos presentó la moción que resolvemos, solicitando que desestimáramos el recurso de apelación porque no habiendo presentado el taquígrafo la transcripción de la evidencia dentro del término que se le fijó, los 30 días que el apelante tiene para presentar en este tribunal la transcripción de la apelación deben contarse desde que radicó su apelación, los que están vencidos con exceso. La parte apelante nos presentó un escrito oponiéndose a la moción, alegando como fundamento que habiéndose acogido al beneficio de dicha ley, los demás trámites eran ministeriales. En otras palabras, que no debía desestimarse la apelación porque la exposición del caso no estaba ultimada.

La parte que apela de una sentencia de la corte de distrito tiene ahora dos maneras de hacer que conozcamos las excepciones que se tomaron en el juicio y las pruebas que se practicaron: una, preparando la misma parte apelante los pliegos que las contengan y sometiéndolos al juez para su aprobación; otra, poniendo ese trabajo en las manos de la corte para que el taquígrafo las haga.

Si interpretamos la ley como pretende la parte apelante en el sentido de que no le perjudica la falta de presentación por el taquígrafo de la transcripción de la evidencia dentro

del término que se le fijó por la corte, equivaldría esto a declarar que el taquígrafo es el árbitro de la tramitación de una apelación, ya demorando la preparación de la transcripción de la evidencia, ya dejando de hacerla, pudiendo por tanto a su voluntad paralizar indefinidamente la apelación, impidiendo de ese modo que la sentencia pueda cumplirse. La ley no ha podido pretender esto.

Pueden ocurrir muchos motivos para que el taquígrafo no presente su trabajo dentro del término que se le fije; por descuido; por enfermedad más o menos prolongada; porque se le paguen tardíamente, o nunca se le paguen, los derechos cuyo cobro le autoriza la ley por la transcripción de sus notas taquigráficas; por cesación en el empleo o por su muerte. En algunos de estos casos jamás haría la transcripción.

La única interpretación que puede darse a dicha ley es que así como cuando el pliego de exposición del caso o de excepciones se redacta por el mismo apelante de acuerdo con la ley de 1911 él sufre las consecuencias de su propio descuido, negligencia u olvido en su preparación, cuando él prefiere que ese trabajo lo haga el taquígrafo de la corte debe sufrir también las consecuencias de la conducta de dicho empleado que por su voluntad lo substituye en ese trabajo, y por tanto que si el taquígrafo no presenta la transcripción de la evidencia dentro del tiempo que se le fijó por la corte es lo mismo que si el apelante no lo presentara cuando se hizo cargo de redactarlo: que no existe entonces ningún pliego de exposición del caso o de excepciones y por lo tanto que los 30 días que tiene el apelante para presentar la transcripción ante nosotros no han de contarse desde la aprobación de la exposición del caso sino desde que radicó su escrito de apelación; y como en este caso ese término ha transcurrido sin haberse presentado la transcripción de la apelación, debe desestimarse el recurso.

*Declarada con lugar la moción y desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.