VIEIRA Y COMPAÑÍA, DEMANDANTE Y APELANTE, *v.* REYES, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre desahucio.

Moción para que se desestime la apelación.

No. 2179.—Resuelto en febrero 19, 1920.

APELACIÓN.—NEGLIGENCIA DEL TAQUÍGRAFO Y DEL APELANTE—TRANSCRIPCIÓN DE LA EVIDENCIA.—Si bien la Ley No. 81 de 1919 prescribe que la demora del taquígrafo en preparar la transcripción taquigráfica de la evidencia no dará lugar a la desestimación del recurso, sin embargo, en los casos en que el taquígrafo o el apelante no hacen solicitud alguna a la corte para obtener extensión del término o de la prórroga en su caso, tal omisión no constituye una demora del taquígrafo, sino una omisión por parte del apelante de llevar adelante el recurso, siendo entonces de aplicación la doctrina establecida en el caso de *Mercado et al* v. *Sucesión de Ferreiro,* 26 D. P. R. 492.

DESESTIMACIÓN DE APELACIÓN—DEMORA DEL TAQUÍGRAFO O DEL SECRETARIO—PESO DE LA PRUEBA.—Cuando el apelado solicita la desestimación del recurso por no haberse radicado éste dentro del término legal, el apelante está

en la obligación de demostrar que la demora, si alguna hubo, fué motivada por el taquígrafo en preparar la transcripción o por el secretario en remitir los autos al Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado del apelado: Sr. M. Moraza.

Abogado de los apelantes: Sr. J. Martínez Dávila.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una moción para que se desestime una apelación. La sentencia se dictó en julio 12 de 1919. La apelación fué registrada en julio 18 del mismo año. Los apelantes, ejercitando el privilegio que les da la Ley No. 27 de 1917, pidieron que la corte ordenase al taquígrafo que preparase su transcripción como se establece en la referida ley. En julio 22 de 1919 así lo ordenó la corte, fijando un plazo de veinte días para dicha preparación. En once de agosto siguiente se concedió una prórroga de veinte días a solicitud del taquígrafo. Desde esa fecha hasta la radicación de la moción para que se desestime la apelación, en enero 30 de 1920, no se hizo gestión alguna en el caso por el apelante, o por el taquígrafo.

El mismo apelado llamó la atención hacia el hecho de que la Ley No. 81 de 1919 prescribe que la demora del taquígrafo no dará lugar a la desestimación del recurso. Sin embargo, en los casos en que ni el apelante ni el taquígrafo no hacen ninguna solicitud a la corte para obtener más prórroga del término esta omisión no constituye una demora por parte del taquígrafo, sino una omisión de llevar adelante la apelación el apelante. Aunque el taquígrafo tiene derecho a solicitar más prórroga del término, el apelante no lo tiene para confiar en que así lo haga. En el caso sometido a nuestra consideración lo que sucedió fué que los apelantes para la ley, como el taquígrafo era necesariamente su mandatario, dejaron de preparar una exposición del caso dentro del término concedido por la ley y por la corte. La Ley No. 81 ha de interpretarse necesariamente en el sentido de que

significa que la desestimación no puede tener lugar cuando de actuarse dentro del término que la corte inferior ha permitido al apelante o al taquígrafo para su preparación, dicha preparación de la exposición no se termina. Una mera demora dentro del período concedido por la corte no puede producir efecto alguno en contra del apelante, que es lo que la ley significa. Si el apelante deja entonces de solicitar prórroga del término el caso cae dentro del principio enunciado en el de *Mercado et al.* v. *Sucesión de Ferreiro*, 26 D. P. R. 492.

Además, nos vemos obligados a declarar que en una moción como ésta, cuando el apelado solicita la desestimación del recurso, el apelante está en la obligación de mostrar que la demora, si alguna hubo, fué motivada por el taquígrafo.

La Ley No. 81 prescribe también que ninguna demora por parte del secretario en remitir los autos a este Tribunal será perjudicial a la apelación. No solamente debe probar el apelante que la demora legalmente era imputable al secretario, sino que dicha Ley No. 81 muestra que el secretario tiene el deber de enviar los autos a esta corte solamente cuando se le presenten los autos completos. No recae en él obligación alguna de enviar los autos en ningún otro caso.

La regla de que el apelante debe proseguir la apelación es sumamente importante y debe considerarse que la Legislatura no quiso relevar enteramente al apelante de cumplir con dicho deber.

Por consiguiente, en este caso en que no se preparó ninguna transcripción de autos dentro del término y en el cual el secretario no tenía la obligación de trasmitir dichos autos a esta corte, el hecho de no elevarse la transcripción a la Corte Suprema debe imputarse al apelante. y el apelado, de acuerdo con el artículo 303 del Código de Enjuiciamiento Civil y las reglas de este Tribunal como anteriormente han sido establecidas, tiene derecho a que se desestime la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.