BARCELÓ, DEMANDANTE-APELADO APELANTE, *v.* DÍAZ, DEMANDADO-APELANTE APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de servicios profesionales.

MOCIÓN para que se desestime la apelación.

No. 2176.—Resuelto en febrero 26, 1920.

TRANSCRIPCIÓN DEL RÉCORD—PRÓRROGA DE TÉRMINOS.—Las prórrogas necesarias para preparar la transcripción del récord de una apelación entablada de acuerdo con la Ley No. 27 de noviembre de 1917 podían ser solicitadas indistintamente por el taquígrafo o por el apelante.

TRANSCRIPCIÓN TAQUIGRÁFICA—ENTREGA DE COPIA A LA PARTE APELADA.—No rigiendo la enmienda introducida a la Ley No. 27 de 1917 por la No. 81 de junio 1919 el día en que el taquígrafo entregó al secretario de la corte de distrito la transcripción taquigráfica de la evidencia ordenada por la corte a moción del apelante, ni éste ni el taquígrafo estaban obligados a entregar una copia de dicha transcripción a la parte contraria o a su abogado.

Los hechos están expresados en la opinión.

Abogado del apelado apelante: *Sr. M. Benítez Flores.*

Abogado del demandado-apelante apelado: *Sr. L. Llorens.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

. Para perfeccionar el demandado su apelación en este caso pidió a la corte inferior que ordenara al taquígrafo que hiciera la transcripción de los procedimientos y que para ese trabajo le concediera dos meses de prórroga en adición a los veinte días que señala la ley. Ambas peticiones fueron concedidas y también fué luego concedida otra prórroga más a petición de la parte apelante. Dentro de ésta última prórroga el taquígrafo entregó la transcripción al secretario de la corte el 2 de septiembre de 1919 sin que sirviera copia de ella a la parte apelada ni a su abogado.

Señalado por la corte el día 29 de diciembre siguiente para la comparecencia de las partes a fin de proponer las enmiendas o adiciones que estimasen pertinentes a dicha transcripción compareció a dicho acto la parte apelada y como cuestión previa se opuso a la aprobación alegando que había sido radicada fuera de término porque el taqu´grafo no había pedido prórrogas sino la parte apelante y porque no se le había servido copia de esa transcripción, oposición que desestimó la corte y entonces, después de aceptar la corte algunas enmiendas propuestas por el apelante y de manifestar la parte apelada que no tenía enmiendas que proponer, fué aprobada dicha transcripción.

Con tales antecedentes la apelada nos presentó moción en 26 de enero último solicitando que desestimásemos la apelación por los motivos antes consignados, por haber transcurrido más de noventa días desde la interposición del recurso sin haber sido radicada en este tribunal la transcripción de los autos y porque la apelación no ha sido proseguida con la debida diligencia porque aprobada el 29 de diciembre de 1919 han transcurrido más de veinte d´as sin haber sido radicada en esta Corte Suprema.

Esa moción fué notificada al apelante el 26 de enero úl-

timo y el día 28 del mismo mes fué radicada en este tribu-
nal la transcripción.

La cuestión suscitada por la parte apelada con respecto
a que solo al taquígrafo corresponde pedir prórrogas para
hacer el trabajo de transcripción carece de fundamento por-
que la Ley No. 27 de noviembre de 1917, vigente cuando la
transcripción fué ordenada, hecha y presentada al secretario
por el taquígrafo nada dice con respecto a quién tenga el
deber de pedir prórrogas sino que se limita a declarar que
el taquígrafo tendrá veinte días para hacer la transcripción,
disponiendo en su sección tercera que los términos señalados
por dicha ley podrán prorrogarse por las cortes. Por con-
siguiente podían pedirla tanto el taquígrafo como el ape-
lante, que es realmente la parte interesada y obligada a que
su apelación se tramite sin perjuicio para él ni para el ape-
lado. Es más, considerando en el caso de Vieira y Compa-
ñía contra Reyes, resuelto por nosotros el 19 de este mes y
año, (pág. 80) la ley posterior No. 81 de junio de 1919 en la
que se dice que el término para hacer la transcripción el taquí-
grafo puede prorrogarse a su instancia o a la del apelante y en
la que se declara que en ningún caso la demora del taquí-
grafo constituirá motivo para desestimar la apelación, he-
mos declarado que la parte apelante no solo puede pedir la
prórroga para el taquígrafo, sino que tiene el deber de pe-
dirla sino quiere sufrir las consecuencias de la omisión del
taquígrafo de presentar la transcripción dentro del término
que le fijó la corte o de la prórroga que le concedió. Por
tanto, habiendo sido concedidas prórrogas al taquígrafo en
este caso a petición del apelante quedó relevado del deber
de presentar la transcripción dentro de los veinte días que
concede la ley y no es motivo para desestimar la apelación
el haberla presentado fuera de dicho término aunque dentro
de las prórrogas que le fueron concedidas.

En cuanto al fundamento de desestimación basado en que
el 26 de enero no se había presentado la transcripción apro-
bada el 29 de diciembre anterior, no es procedente porque

el día 26 de enero no habían transcurrido los treinta días que el apelante tenía para presentar dicha transcripción en este tribunal contados desde que .fué aprobada y ha sido presentada el día 28 de enero, dentro del término legal.

La única cuestión de las propuestas que tiene importancia es la referente a si debe ser servida a la parte apelada una copia de la transcripción que hace el taquígrafo por orden de la corte.

Cuando en este caso se ordenó al taquígrafo que hiciera la transcripción de la apelación y cuando el dicho funcionario la presentó al secretario de la corte en 2 de septiembre de 1919 regía la Ley No. 27 de noviembre de 1917, según la cual en lugar de preparar la parte apelante para su apelación el pliego de excepciones o de exposición del caso que determina el artículo 299 del Código de Enjuiciamiento Civil podrá optar porque el taquígrafo hiciera una transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas y de todas las resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen; transcripción que según la ley el taquígrafo entregará al secretario, señalándose entonces por el juez día para su aprobación, teniendo el secretario el deber de notificar ese señalamiento con diez días de antelación, en cuyo día el juez examinará y cuidará de que la transcripción sea una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio; acto en el que las partes podrán solicitar la inclusión de todos aquellos documentos, constancias o particulares que deban unirse a la misma, de acuerdo con las resultancias del litigio. Certificada por el juez la fidelidad y corrección de dicha transcripción, cuando sea así aprobada, constituirá y formará parte del legajo de la sentencia como si fuera el pliego de excepciones o exposición del caso prescrito en el artículo 299 del ya citado código, procediéndose en todo lo demás como dispone el repetido artículo.

De acuerdo, pues, con esa ley la parte apelante podía optar entre preparar por sí misma la exposición del caso o pliego de excepciones de acuerdo con el artículo 299 citado o pedir a la corte que ordenase al taquígrafo que hiciera una transcripción de las declaraciones, pruebas, resoluciones, actos o manifestaciones de la corte, de las excepciones y objeciones de los abogados y de las cuestiones o materias que con la misma se relacionan. Si seguía el procedimiento del artículo 299 la parte apelante tenía que entregar a la apelada una copia de la exposición del caso o pliego de excepciones que preparaba y presentaba a la corte, pero optando por el procedimiento de la Ley No. 27 referida ni él ni el taquígrafo tiene que entregar a la parte apelada copia de la transcripción que éste hace y presenta al tribunal porque la ley no impone dicha entrega a ninguno de los dos. Dicha Ley No. 27 regula todo lo referente a la transcripción hecha por el taquígrafo hasta el momento en que es aprobada y certificada por el juez y después de esto es que pasa a formar parte del legajo de la sentencia y a tener aplicación otra vez el artículo 299 del código mencionado. Por consiguiente, habiéndose acogido el apelante a los beneficios de la Ley No. 27 no tenía obligación, ni tampoco el taquígrafo, de entregar a la parte contraria copia de dicha transcripción y, por tanto, no podemos declarar que la falta de esa entrega sea motivo para desestimar la apelación. Indudablemente que tal copia era conveniente a la parte apelada para poder proponer sus enmiendas sin necesidad de examinar la transcripción en la secretaría de la corte pero la ley no dispuso su entrega. Esta situación creada por esa ley a las partes apeladas pasó pronto, por fortuna, pues en 26 de septiembre de 1919 empezó a regir la Ley No. 81 de ese año en la que se ordenó la entrega de tal copia a las partes apeladas; disposición que robustece la conclusión a que antes hemos llegado, pues no hubiera tenido que ordenar la ley expresamente la entrega de esa copia si el legislador hubiera estimado que de acuerdo con la número 27 había

que entregar tal copia por ser aplicable en ese extremo el artículo 299. Para que a una persona pueda exigírsele el cumplimiento de algún deber legal debe hallarse éste claramente impuesto por la ley.

La alegación que hizo la parte apelada de que por estar en vigor en 29 de diciembre de 1919, fecha de la aprobación de la transcripción, la Ley No. 81, debió entregársele copia de dicha transcripción, tampoco es sostenible porque el taquígrafo solo tiene tal deber para las transcripciones que entregare después del 29 de septiembre de 1919 y él hizo la entrega el día 2 de septiembre.

Por las razones expuestas la moción de desestimación debe ser declarada sin lugar.

*Declarada sin lugar la moción de desestimación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.