Sanders Phillippi y Cía., Sucrs., S. en C., Demandantes y Apelados, *v.* Rivera, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre cobro de dinero.

No. 2366.—Resuelto en diciembre 13, 1920.

Desestimación de Apelación—Demora del Taquígrafo—Negligencia del Apelante — Transcripción Radicada Fuera de Tiempo — Vacaciones de la Corte de Distrito.—En los casos en que el taquígrafo ni el apelante solicitan de la corte de distrito una extensión del término para preparar la transcripción de la evidencia, tal omisión constituye no una demora del taquígrafo sino negligencia por parte del apelante en llevar adelante el recurso, por lo

que, si la transcripción de la evidencia se ha radicado en la secretaría de la corte de distrito fuera del tiempo concedido por la ley al taquígrafo, no cabe tenerla en cuenta; no constituyendo defensa para el apelante el hecho de que al vencerse los veinte días que concede la ley al taquígrafo estuviera la corte en vacaciones, pues la moción de prórroga pudo radicarse en tiempo y ser provista en su oportunidad.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Valldejuly* y *González Mena.*

Abogados de los apelados: *Sres. García Méndez* y *García Méndez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de resolver si debe o no desestimarse el recurso por no haberse elevado la transcripción de los autos.

La parte apelada sostiene que habiéndose interpuesto la apelación el 14 de julio último y no habiéndose archivado aún la transcripción, ha transcurrido el tiempo legal para ello y debe en tal virtud desestimarse el recurso. La dicha parte admite que el apelante el 16 de julio último solicitó que el taquígrafo preparara la transcripción y que así lo ordenó la corte el 27 del propio mes, pero sostiene que no habiéndose preparado la transcripción dentro del término de veinte días fijado por la ley y no prorrogado por la corte, es como si nada hubiera solicitado, siendo de aplicación las disposiciones generales que regulan la tramitación de las apelaciones cuando no existe exposición del caso. Por virtud de una certificación expedida por el Secretario de la Corte de Distrito de Aguadilla consta que el plazo de veinte días no fué prorrogado, no habiéndose hecho gestión alguna desde el 27 de julio al 19 de octubre, quedando archivada en su poder la transcripción el 20 de octubre último.

La parte apelante impugna la petición de la apelada acompañando a su impugnación un *affidavit* del taquígrafo en el que se expone por dicho funcionario que la Corte de Distrito de Aguadilla durante los meses de agosto y sep-

tiembre se encontraba en vacaciones; que el 29 de julio transcribió a petición del apelante las notas en el pleito de que se trata, y las entregó al secretario de la corte el 20 de octubre último.

Sostiene el apelante que habiendo archivado su apelación en tiempo y en tiempo acogídose a los beneficios de la Ley No. 27 de 1917, no ha sido negligente, no siendo deber suyo sino del Secretario de la Corte de Distrito archivar la transcripción en esta Corte Suprema.  Alega el apelante que no le perjudica la negligencia del taquígrafo, ni la del secretario en el caso de que existiera, de acuerdo con los términos de la dicha Ley No. 27 de 1917 y la 81 de 1919.

Expuesto lo que antecede, fácilmente se llega a la conclusión de que este caso está regulado por los principios establecidos en el de *Vieira y Compañía* v. *Reyes,* 28 D. P. R. 80, y en el de *Mercado et al.* v. *Sucesión de Ferreiro,* 26 D. P. R. 492.

La circunstancia de que la corte de distrito estuviera en vacaciones no empecía para presentar por lo menos la solicitud de prórroga.  Tampoco influye en la decisión el hecho de que al fin el 20 de octubre se archivara por el taquígrafo la transcripción, porque cuando tal archivo se hizo había vencido con exceso el término fijado para ello por la ley.

La moción de desestimación se archivó el 15 de noviembre pero es conveniente hacer constar que aún hoy no se ha radicado transcripción alguna de los autos.

Debe desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.