CRUZ, DEMANDANTE Y APELANTE, *v.* SUCESIÓN JIMÉNEZ, DEMANDADA Y APELADA, Y DELGADO ET AL., INTERVENTORES Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de arrendamiento.

No. 2325.—Resuelto en diciembre 23, 1921.

DESESTIMACIÓN DE APELACIÓN — EXPOSICIÓN DEL CASO PRESENTADA FUERA DE TIEMPO—DISCRECIÓN JUDICIAL.—En el presente caso radicóse en la Corte Suprema el legajo de la sentencia y más tarde la exposición del caso que fué aprobada por el juez inferior con oposición del apelado por haber sido presentada fuera de tiempo. Presentada moción para que se eliminara la exposición del caso y se desestimaran los recursos de apelación, se ordenó la eliminación porque la corte de distrito carecía de jurisdicción para aprobar la exposición del caso presentada fuera de término, sin que el artículo 140 del Código de Enjuiciamiento Civil conceda *prima facie* poder discrecional a la corte para aprobarla en esas condiciones, y se declaró no haber lugar a la desestimación de los recursos puesto que el legajo de la sentencia podía servir de base para sostenerlos y considerarlos mediante el examen de aquellos errores que se refieran a la ley y que aparezcan del texto de los autos.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José de Guzmán Benítez.*

Abogado de la apelada: *Sr. F. González.*

Abogado de los interventores-apelantes: *Sr. A. Dones.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Están sometidas a nuestra consideración y decisión dos mociones radicadas en 15 de octubre de 1921, ambas de la parte demandada y apelada sucesión del Dr. Manuel Jiménez Cruz, una de ellas para que se elimine de los autos la exposición del caso y se desestimen las apelaciones establecidas por la demandante-apelante, Eladia Cruz Jiménez, y los interventores también apelantes, Enrique Delgado *et al.* por inobservancia de los preceptos que regulan la transcripción de evidencia en recursos de apelación y por haber sido radicada dicha exposición en la corte de distrito fuera de término; y la otra para que se desestime la apelación de los interventores por no haber radicado alegato alguno de acuerdo con los artículos 42 y 60 del Reglamento de este tribunal.

Para juzgar sobre la procedencia de la primera moción se hace necesario exponer los hechos relativos a la misma, y son los siguientes:

La sentencia en el presente caso fué dictada en 25 de junio de 1920 y notificada a la demandante y a los interventores en 28 del mismo mes.

Los interventores archivaron escrito de apelación contra la sentencia en 15 de julio de.1920, y en 22 de julio la demandante radicó también escrito de apelación.

Los interventores radicaron moción en julio 22 de 1920 con súplica de que la corte prorrogara a treinta días más los diez señalados por la ley para presentar el pliego de excepciones y exposición del caso, así como el legajo de la sentencia, y ordenara que la transcripción de la evidencia que debía formar parte de la exposición del caso fuera preparada dentro de la prórroga por el taquígrafo de la corte. La corte por orden de la misma fecha concedió la prórroga solicitada, pero declaró sin lugar la moción en la parte relativa a la transcripción de la evidencia, toda vez que el taquígrafo que

actuó en el juicio del caso presentó la renuncia de su cargo y se encontraba entonces fuera de la jurisdicción de la corte, ausente en los Estados Unidos, no pudiendo el nuevo taquígrafo que desempeñaba el cargo transcribir y certificar el record del caso.

Los interventores solicitaron entonces en moción radicada en 2 de agosto de 1920 que la corte ordenara al secretario que facilitara temporalmente a su abogado, para preparar la exposición del caso, los records y notas de los procedimientos orales y declaraciones prestadas durante las dos sesiones del juicio, cuyos records y notas han debido ser necesariamente preparados y entregados por el taquígrafo al secretario de la corte, de acuerdo con las secciones 3ª. y siguientes de la ley creando la plaza de taquígrafo, aprobada el 10 de marzo de 1904, y que la corte seguramente habría tenido a la vista para dictar su sentencia. Esa moción fué negada por orden de dos de agosto, en los siguientes términos:

"Vista la anterior moción, se declara sin lugar por cuanto el taquígrafo que actuó en la vista del caso se ha ausentado para los Estados Unidos después de renunciar el cargo sin haber terminado la transcripción del record. Tan pronto dicha transcripción llegue a poder del secretario, se proveerá."

La demandante-apelante, Eladia Cruz Jiménez, también en 22 de julio de 1920 radicó moción para que se prorrogara por veinte días el término concedido por la ley para presentar la exposición del caso y pliego de excepciones, en vista de que optaba porque la transcripción de la evidencia practicada en el juicio fuera preparada por el taquígrafo de la corte, y en ahorro de tiempo y gastos trataba de conseguir de los interventores, también apelantes, le permitieran el uso de su transcripción, otorgándose en su caso una estipulación que someterían a la aprobación de la corte para que la exposición del caso, contentiva de la transcripción de la

evidencia que había de preparar el taquígrafo para los interventores pudiera ser usada también por la demandante-apelante. A dicha moción recayó resolución en 23 de julio de 1920, accediendo a lo solicitado en cuanto a la prórroga de veinte días para presentar el pliego de excepciones y exposición del caso y denegando la moción en cuanto se refiere a la transcripción de la evidencia, por las razones ya consignadas en cuanto a la moción de los interventores hecha con idéntico fin. Entonces la demandante-apelante, Eladia Cruz, en moción radicada el 2 de agosto de 1920, manifestó a la corte que en la situación que se le había creado por la ausencia del taquígrafo, no le quedaba otro remedio para sostener su recurso de apelación contra la sentencia, que el de preparar ella misma la exposición del caso y pliego de excepciones, de acuerdo con el antiguo procedimiento, a cuyo fin pedía a la corte ordenara al secretario le facilitara por un término razonable la copia del record taquigráfico que el taquígrafo ha debido entregarle para la corte,. de acuerdo con lo dispuesto en la ley creando el cargo de taquígrafo; y la corte denegó tal pretensión por las razones en que se fundó para desestimar la de los interventores.

En vista de las dificultades creadas por la ausencia del taquígrafo para preparar los apelantes sus respectivas apelaciones, los abogados de ambos apelantes radicaron moción en 6 de agosto de 1920 manifestando a la corte que habían convenido gestionar unidos todo lo necesario para obtener que el taquígrafo, cuya dirección en New York habían logrado averiguar, les remitiera una copia del record taquigráfico del juicio para con vista de ella preparar una exposición del caso y demás documentos en apoyo de sus respectivos recursos de apelación, concluyendo con la súplica de que la corte aprobara la estipulación acordada y les concediera una ampliación de prórroga por treinta días para presentar la exposición del caso y pliego de excepciones, de modo que la totalidad concedida resultara de cincuenta días, disponiendo ade-

más fuera notificado el taquígrafo de la resolución recayente, cuya moción fué declarada con lugar por orden de agosto 6 de 1920.

En 23 de septiembre de 1920 fué radicada en la corte de distrito una moción de ambas partes apelantes en la que alegan que no obstante la orden de la corte de 6 de agosto y las comunicaciones dirigidas por la misma corte y los comparecientes al taquígrafo, Delfín López Rivera, para que preparara la transcripción de la evidencia, dicho taquígrafo no había sido encontrado, o no había querido contestar las comunicaciones, por lo que no pudiendo contar con la transcripción para su apelación y estando ya próximo a vencer el término de la prórroga concedida para radicar la transcripción, habían resuelto preparar la exposición del caso con vista de los apuntes tomados por los abogados suscribientes, y suplicaban a la corte que les concediera una prórroga de cuarenta días para preparar dicha exposición, a cuya moción accedió la corte por orden de 27 de septiembre de 1920.

No aparece que la corte de distrito concediera ulteriores prórrogas a los apelantes para preparar la exposición del caso y sí resulta; primero: Que en 22 de septiembre de 1920 radicaron en la Secretaría de esta Corte Suprema copia certificada del legajo de la sentencia, y dos días después radicaron una moción en que solicitaban se les concediera prórroga de cuarenta días para preparar y radicar en la misma secretaría la exposición del caso y pliego de excepciones para fundar los recursos de apelación que tenían establecidos, y si ello no fuera procedente se dejaran en suspenso los términos del procedimiento en ambas apelaciones hasta que fuera radicada en la secretaría la exposición del caso con el pliego de excepciones debidamente aprobado por el juez sentenciador, a cuyo fin alegaban y justificaban los hechos que habían obstaculizado la preparación de dichos documentos; segundo: Que a esa moción proveyó el juez de turno por estar el tribunal en vacaciones, otorgando una prórroga

de treinta días para presentar la exposición del caso, a contar desde el día 2 de octubre siguiente; tercero: Que a petición de los mismos apelantes les fué concedida por dicho juez de turno en 26 de octubre otra prórroga de treinta días a contar desde el día 1º. de noviembre; Cuarto: Que en 26 de noviembre esta Corte Suprema, ya en funciones, les concedió otra prórroga de treinta días para presentar la exposición del caso, a contar desde el día 1º. de diciembre de 1920; y Quinto: Que los apelantes volvieron a solicitar nueva prórroga de treinta días en moción de 13 de diciembre de 1920, y celebrada la vista de ella con audiencia de las partes, apelantes y apelada, la corte resolvió por orden de 13 de enero de 1921, anular las órdenes anteriores de concesión de prórrogas y denegar la últimamente pedida.

En 5 de diciembre de 1920 fué radicada en la corte de distrito otra moción de las partes apelantes en la que alegan que dentro de la prórroga que les había sido concedida por el Tribunal Supremo para preparar la exposición del caso, obtuvieron del secretario de aquella corte una certificación literal de todos los documentos utilizados como evidencia y prepararon también como parte de dicha exposición el extracto de las declaraciones prestadas en el juicio por los testigos, acompañando a la moción la certificación y declaraciones que completan la exposición del caso, de cuyos documentos habían entregado copia al abogado de la parte apelada; y como dicha exposición debía ser aprobada por el juez sentenciador, para los procedimientos al efecto, hasta dejar radicada la transcripción en la Secretaría del Tribunal Supremo, habían obtenido de este tribunal una prórroga que vencería el día 23 de diciembre, concluyendo con la súplica de que la corte señalara la fecha más próxima para la comparecencia que había de tener lugar. No encontramos en el record la orden que recayera sobre la anterior moción, y sí consta una orden dictada en 24 de enero de 1921, que dice así:

"Hoy 24 de enero de 1921, día señalado para la vista de la impugnación al pliego de excepciones y exposición del caso presentados por los apelantes en el pleito arriba titulado comparecieron las partes representadas por sus abogados, José de Guzmán Benítez por la demandante, Francisco González por los demandados y Adolfo Dones por los interventores. Habiendo la representación de los demandados presentado una moción en que solicita se desestime la exposición presentada por haber sido radicada fuera de tiempo y por ser incompleta, la corte, después de oir al abogado de la parte contraria, Sr. José de Guzmán Benítez, y haciendo uso de la facultad discrecional que le concede el artículo 140 del Código de Enjuiciamiento Civil, declara sin lugar dicha moción en cuanto a que se desestime la exposición por haber sido radicada fuera de tiempo y ordena asimismo que se agreguen a la misma las declaraciones de testigos y documentos que se alegan por los demandados han sido omitidos y al efecto se ordena al taquígrafo de esta corte que dentro de quince días entregue a las partes una copia del record taquigráfico y entonces, de acuerdo ambas partes, formulen la exposición en la forma que mejor estimen, y se proveerá."

En 7 de febrero de 1921 se radicó por el taquígrafo una moción solicitando se le concediera una prórroga de diez días para entregar el record taquigráfico a las partes en atención a que el día 8 había de vencer el término de quince días señalado por la corte y todavía no había terminado la transcripción del record, cuya prórroga de quince días fué concedida por orden de la misma fecha.

Al día siguiente, 8 de febrero, los abogados de los apelantes radicaron otra moción solicitando una prórroga de diez días a contar desde el día 8 del propio mes, para preparar la exposición del caso, cuya prórroga les fué concedida por orden de la misma fecha.

Los apelantes presentaron como ampliación de la exposición del caso, una copia completa del expediente de la corte No. 5682, de *Eladia Cruz Jiménez et al.* v. *Sucesión de Manuel Jiménez Cruz,* sobre desahucio, y con fecha 18 de febrero presentaron el record taquigráfico del caso, habiendo dictado la corte con fecha 4 de abril de 1921 la siguiente orden:

"ORDEN.—Encontrándome ausente en San Juan, en cumplimiento de mis deberes como miembro de la Asamblea Legislativa de Puerto Rico, se señalará nuevamente fecha a los efectos de la aprobación de la exposición del caso presentada en este pleito, cuando termine el Senado sus sesiones. Humacao, P. R., a 4 de abril de 1921. (F.) Cuevas Zequeira, Juez Sentenciador."

La orden aprobatoria de la exposición del caso recayó en 28 de mayo de 1921 y dice textualmente así:

"Yo, Rafael Cuevas Zequeira, que presidí la vista del presente caso, siendo Juez de la Corte de Distrito del Distrito Judicial de Humacao, P. R., certifico: que la transcripción de autos presentada en este caso por los apelantes, que me ha sido sometida para mi examen y aprobación, la apruebo por encontrarla correcta y verdadera, por contener toda la evidencia aportada al juicio, así como las excepciones tomadas en él, y se ordena que forme parte del legajo de la sentencia a los efectos de la apelación interpuesta por los demandantes e interventores apelantes contra la sentencia dictada en este caso con fecha 25 de junio de 1920.—Dada bajo mi firma y sello oficial del Tribunal del Distrito de Humacao, en Humacao, P. R., a 28 de mayo de 1921.—(F.) Rafael Cuevas Zequeira, Juez Sentenciador."

Como ya se deja dicho, los apelantes habían radicado en 22 de septiembre de 1920, en la Secretaría de esta Corte Suprema, copia certificada del legajo de la sentencia. Posteriormente, en 3 de junio de 1921, radicaron una copia certificada por el Secretario de la Corte de Distrito de Humacao, comprensiva de los documentos presentados como prueba por las partes litigantes en la vista del pleito y otra copia certificada por el taquígrafo comprensiva de las declaraciones prestadas por los testigos, con la certificación de la aprobación impartida por el juez a la transcripción de autos.

Los apelantes pudieron preparar sus recursos mediante exposición del caso en la forma ordenada por el artículo 299 del Código de Enjuiciamiento Civil, enmendado por la Ley No. 81 de junio 26 de 1919 o mediante transcripción de la evidencia por el taquígrafo en los términos que autoriza la

Ley No. 27 aprobada en noviembre 27 de 1917. Ambos procedimientos han sido seguidos por los apelantes, eligiendo uno y abandonándolo luego por el otro, desistiendo luego de éste para volver al primero, y utilizando al fin uno y otro.

Nos abstenemos de considerar y decidir si semejantes informalidades, atendidas las circunstancias del caso, podrían determinar por sí mismas la nulidad de la transcripción de autos de que se trata, y consiguientemente la de su aprobación por la Corte de Distrito de Humacao en su orden de 28 de mayo de 1921, pues preferimos sostener dichas nulidades por el fundamento que pasamos a exponer.

La llamada exposición del caso fué radicada en la corte inferior cuando ya habían vencido el término y las prórrogas concedidas para hacerlo. Las mismas partes apelantes manifiestan en su moción de 5 de diciembre de 1920 que dentro de una prórroga que les había sido concedida por el Tribunal Supremo para preparar la exposición del caso (debió ser la prórroga de treinta días que les fué concedida en 26 de noviembre de 1920) habían obtenido del secretario de la corte de distrito una certificación literal de todos los documentos utilizados como evidencia e hicieron el extracto de las declaraciones prestadas en el juicio por los testigos. Pero dicha prórroga y otras más fueron declaradas nulas por esta Corte Suprema por su orden de 13 de enero de 1921 y no pueden servir de escudo para sostener que la exposición del caso fué presentada en término legal.

La corte inferior invoca el artículo 140 del Código de Enjuiciamiento Civil para declarar sin lugar la moción de la parte apelada en cuanto a que fuera desestimada la exposición del caso por haber sido radicada fuera de tiempo. Hemos examinado dicho artículo y *prima facie* no autoriza el ejercicio de la discreción judicial en un caso como el presente y los apelantes no han tratado de demostrarnos lo contrario mediante estudio de la jurisprudencia que pudiera ser atinente al caso. Ellos pudieron solicitar de la corte de dis-

trito cuantas prórrogas hubieran sido necesarias y procedieron equivocadamente al solicitarlas de esta Corte Suprema. La Corte de Humacao carecía de jurisdicción al impartir su aprobación a una transcripción de autos que le fué presentada fuera de término, y en apoyo de nuestra contención podemos invocar la jurisprudencia establecidas por esta Corte Suprema en los casos de *Santos* v. *West Porto Rico Sugar Company et al.* y *Ruíz* v. *Sucesión de Cruz Jiménez,* 28 D. P. R. 924, y 990.

Dicha transcripción debe ser eliminada del record, pero esa eliminación no determina la desestimación de los recursos pues si bien la revisión de las pruebas practicadas en el juicio no puede tener lugar sino mediante exposición del caso o transcripción de las notas taquigráficas, con la debida aprobación del juez sentenciador, el legajo de la sentencia que fué radicado en la Secretaría de esta Corte Suprema en 22 de septiembre de 1920, puede servir de base para sostener el recurso mediante examen de aquellos errores que se refieran a la ley solamente y que aparezcan del texto de los autos.

En cuanto a la moción para que se desestime la apelación de los interventores por no haber radicado alegato alguno de acuerdo con los artículos 42 y 60 del Reglamento de esta Corte Suprema, aparece de autos que la representación de dichos interventores obtuvo de esta corte varias prórrogas para presentar su alegato, entre ellas una de treinta días a contar desde el 30 de septiembre de 1921, y no habiendo vencido en 15 de octubre en que fué radicada la moción, procede se declare ésta sin lugar.

Por las razones expuestas es de eliminarse del record la transcripción de la evidencia sin que haya lugar a desestimar los recursos de apelación interpuestos por la demandante Eladia Cruz Jiménez y los interventores Enrique Delgado, *et al.*

*Sin lugar la desestimación pero ordenada la eliminación de la exposición del caso.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.