MARTÍNEZ, DEMANDANTE Y APELADA, v. LÓPEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre indemnización por daños y perjuicios. Moción sobre desestimación de la apelación.

No. 3044.—Resuelto en mayo 7, 1923.

APELACIÓN—TRANSCRIPCIÓN DE LA EVIDENCIA—TARDANZA DEL TAQUÍGRAFO.—La tardanza del taquígrafo que no perjudica al apelante, a que se refiere la sección 3 de la Ley 27 de 1917, enmendada por la Ley 81 de 1919, es aquella que ocurre después de vencido el término para preparar la transcripción de la evidencia, pero dentro de la prórroga o prórrogas que la corte pueda conceder. Si se deja fenecer el término sin gestión alguna, el derecho se pierde, a menos que se solicite y conceda de acuerdo con la ley, no una prórroga sino un nuevo término.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. S. Suau.*

Abogado de la apelada: *Sr. J. Vendrell.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso basándose en que la transcripción no se ha archivado dentro del término de ley. Se opuso el apelante. De los autos resulta que dictada sentencia el 26 de febrero de 1923 se apeló de ella el 26 de marzo siguiente. Optó el apelante por que el taquígrafo preparara la transcripción de la evidencia. Se concedió a dicho funcionario un término de veinte días, y, después de vencido, el 18 de abril último, requerido por el apelante, manifestó a la corte que no le había sido posible preparar la transcripción y solicitó que se le concediera una prórroga. La corte negó la solicitud. Ar-

chivó el apelante un escrito de reconsideración y la corte insistió en su resolución citando los casos de *Mercado et al.* v. *Suc. Ferreiro,* 26 D. P. R. 492, y *Vieira & Co.* v. *Reyes,* 28 D. P. R. 80.

Siendo ello así, habiendo transcurrido con exceso el término de treinta días fijado por la ley para archivar la transcripción de los autos en la secretaría de este tribunal, término que se cuenta a partir de la fecha de la interposición del recurso cuando no existe, como no existe aquí, exposición del caso, se impone la desestimación del recurso.

Pero el apelante insiste en que lo único que demuestran los autos es una demora por parte del taquígrafo y que tal demora de acuerdo con la Ley núm. 81 de 1919 no puede perjudicarle.

No sólo la ley anterior sobre la materia, o sea, la 27 de 1917, sí que también la No. 81 de 1919 que invoca el apelante han sido interpretadas por este tribunal en sentido adverso al apelante: casos de *Sucesión Ferreiro* y de *Vieira, supra,* citados por el juez sentenciador.

Es cierto que la sección 3 de la Ley núm. 27 de 1917, tal como quedó enmendada por el artículo 1 de la Ley núm. 81 de 1919, contiene estas palabras: "y en ningún caso la demora del taquígrafo en preparar dicha transcripción constituirá motivo legal para desestimar una apelación" y que también lo es que "demora," según Escriche, significa "la tardanza o el tiempo que corre después del término o plazo señalado para el pago o la restitución de una cosa," siendo necesario para que exista demora por parte del taquígrafo, aplicando igual razonamiento, que haya vencido el término fijado por la ley para la entrega de la transcripción, pero habiendo en consideración las palabras del estatuto que preceden a las transcritas, a saber: "Los términos señalados en esta ley podrán prorrogarse por la corte como en los demás casos, a instancia del taquígrafo o del apelante, el señalado para preparar la transcripción, y a instancia de este

último los demás:'', esta corte ha resuelto que la tardanza del taquígrafo que no perjudica en ningún caso al apelante es aquella que ocurre después de vencido el término de ley·pero dentro de la prórroga o prórrogas que la corte pueda conceder. Si se deja fenecer el término sin gestión alguna, el derecho se pierde, a menos que se solicite y conceda de acuerdo con la ley no una prórroga, sino un nuevo término. Aquí se solicitó una prórroga y fué propiamente denegada.

Careciendo de mérito la contención del apelante, debe de·sestimarse la apelación por el motivo alegado por la parte apelada.

*Desestimado el recurso.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.