PAGÁN ET AL., DEMANDANTES Y APELADAS, *v.* PAGÁN, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre cobro de dinero (moción para desestimar la apelación).

No. 3192.—Resuelto en diciembre 21, 1923.

DESESTIMACIÓN DE APELACIÓN—PRUEBA—TRANSCRIPCIÓN DEL RÉCORD—NOTAS TAQUIGRÁFICAS—DEMORA DEL TAQUÍGRAFO IMPUTABLE AL APELANTE—EXPOSICIÓN DEL CASO.—Cuando un apelante prefiere incluir la prueba en la transcripción del récord mediante las notas taquigráficas como lo autoriza la Ley núm. 27

de 1917 y la num. 81 de 1919, el dejar el taquígrafo de archivar sus notas dentro del término concedido por la corte de distrito debe imputarse al apelante, quedando éste por tanto sujeto a las mismas consecuencias que si hubiera dejado de preparar una exposición del caso a tiempo.

ID. — ID. — ID. — RESTABLECIMIENTO DEL DERECHO — OMISIÓN EN LLEVAR ADELANTE LA APELACIÓN.—El hecho de no tomar un apelante la medida necesaria ante una u otra corte con el fin de incorporar la prueba constituye una omisión en seguir adelante con el caso y confiere un derecho a la desestimación de la apelación.

ID. — ID. — ID. — RESTABLECIMIENTO DE UN TÉRMINO QUE HA VENCIDO — DISCRECIÓN DE LA CORTE.—Pueda o no invocarse el artículo 140 del Código de Enjuiciamiento Civil para revivir un término que ha vencido y permitir a un apelante que prosiga con su apelación en la corte inferior, la Corte Suprema en un caso adecuado puede permitir la inclusión de la evidencia en la transcripción del récord.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. R. Padró Parés.*

Abogado de las apeladas: *Sr. A. García Ducós.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fue una sentencia dictada por la Corte de Distrito de Aguadilla contra la cual se interpuso apelación en 7 de agosto de 1923. La apelante optó por incorporar la prueba por medio de las notas taquigráficas autorizadas por la ley No. 27 de 1917, como fué enmendada por la Ley No. 81 de 1919. Al taquígrafo de la corte de distrito, de conformidad con dicha ley, se le ordenó que preparara las notas, quien luego obtuvo varias prórrogas del término para la preparación de las mismas y el día 5 de noviembre de 1923, la corte le concedió otra prórroga de veinte días haciendo constar en ella expresamente que sería la última. El término, por tanto, venció en 25 de noviembre de 1923. Ninguna otra diligencia fué hecha por el taquígrafo o la apelante para terminar o radicar la transcripción, y la apelada ha solicitado la desestimación del recurso.

Ahora bien, aunque ha habido disparidad de criterio entre los miembros de esta corte respecto a si el artículo 140 del Código de Enjuiciamiento Civil puede ser invocado para revivir un término que ha vencido y permitirse a un apelante

en la corte inferior que siga adelante con la incorporación de su prueba, estamos todos de acuerdo en varios puntos.

El primero de éstos es que la falta del taquígrafo en radicar sus notas dentro del término concedido por la corte de distrito debe imputarse al apelante. Esta proposición fué claramente enunciada en el caso de *Mercado et al.*, v. *Sucesión de Ferreiro*, 26 D. P. R. 492. Resolvimos que si el apelante se decidía por elegir al taquígrafo como agente suyo en vez de preparar él mismo una exposición del caso o pliego de excepciones, el apelante quedaba por ello obligado a sufrir las mismas consecuencias que si no hubiera preparado una exposición del caso a tiempo. De otro modo podría estar pendiente una apelación indefinidamente a gusto del taquígrafo.

Subsiguientemente, en el caso de *Vieira* v. *Reyes*, 28 D. P. R. 480, y al llamársenos la atención al precepto de la ley No. 83, o sea que la demora del taquígrafo no debe producir una desestimación, resolvimos que la omisión del taquígrafo en pedir más prórrogas no constituía una demora por parte de dicho taquígrafo, sino una falta en proseguir el pleito por parte del apelante. El caso contiene otro razonamiento.

El caso de *Sucesores de Sanders, Philippi* v. *Rivera*, 28 D. P. R. 957, ratificó los dos casos anteriores y en él también se resolvió que la omisión del secretario en enviar un récord terminado debe asimismo imputarse al apelante.

Una segunda cuestión en la cual conviene la corte es que la omisión del apelante en hacer alguna gestión ante una u otra corte tendente a revivir el derecho de incorporación constituye una falta en proseguir el caso y confiere un derecho a solicitar la desestimación. La apelante no tomó ninguna medida en este caso.

Una tercera proposición es que pueda o nó invocarse el artículo 140, este tribunal en un caso adecuado puede permitir la incorporación de la evidencia.

Debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.