### González, Demandante y Apelado, *v.* Méndez, Demandado y Apelante.

No. 3401.—*Visto:* Noviembre 10, 1924. *Resuelto:* Diciembre 18, 1924.

Desestimación de Apelación—Término para Radicar el *Transcript*—Derechos de los Apelados.—La omisión en obtener una prórroga para presentar la transcripción de la evidencia no constituye una demora del taquígrafo. Es una omisión imputable al apelante. El taquígrafo a lo más y para los fines de una apelación es un mero agente del apelante. Los apelados tienen derechos que no pueden depender de las omisiones de un taquígrafo y los litigios deben tener un fin. La muerte o incumplimiento de un taquígrafo podrían hacer fracasar a un apelante.

Id.—Id.—Id.—En este caso en el curso de una prórroga concedida al taquígrafo para presentar la transcripción de la evidencia, y mucho tiempo después de transcurridos diez días de presentado el escrito de apelación, el apelante obtuvo una prórroga para presentar una exposición del caso, en substitución de la transcripción de la evidencia que, por otra parte, nunca se llegó a radicar. *Se resolvió:* que cuando un apelante elige el procedimiento provisto en la ley 27 de 1917, no puede, transcurrido el tiempo para ello, abandonarlo para acogerse al alternativo de la exposición del caso, por lo que, no habiéndose radicado los autos dentro de treinta días a contar del archivo del escrito de apelación, se desestimó el recurso a petición del apelado.

Moción sobre desestimación de apelación. *Desestimada.*

*A. García Ducós,* abogado del apelante; *B. Esteves,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Cuando un apelante con el fin de incorporar la prueba se ácoge al medio autorizado por la Ley No. 27 de 1917 (p. 275), y a la Ley No. 81 de 1919 (p. 675), debe atenerse

a las consecuencias. *Mercado* v. *Sucesión de Ferreiro,* 26 D.P.R. 492; *Vieira y Ca.* v. *Reyes,* 28 D.P.R. 80; *Sanders Phillippi & Cía. Sucrs. S. en C.* v. *Rivera,* 28 D.P.R. 957; *Martínez* v. *López,* 31 D.P.R. 811; *Pagán* v. *Pagán,* 32 D. P.R. 640; *Cruz* v. *Sucesión Jiménez,* 30 D.P.R. 57; *Cruz* v. *Sucesión Jiménez,* 30 D.P.R. 853; *Barceló* v. *Díaz,* 28 D. P.R. 93.

Un apelante por estos actos no está relevado de ejercer vigilancia o de proseguir su apelación. Si está para vencer el término en que han de presentarse las notas taquigráficas a la corte, el apelante debe cuidar de que dicho término sea prorrogado. El no puede confiar en el taquígrafo. La omisión en obtener una prórroga no constituye una demora del taquígrafo. Es una omisión imputable al apelante. El taquígrafo a lo más y para los fines de una apelación es un mero agente del apelante. Cualquier otra interpretación por la cual pueda protegerse un apelante debido a las omisiones del taquígrafo tendería a convertir en anticonstitucionales las leyes de 1917 y 1919. Los apelados tienen derechos que no pueden depender de las omisiones de un taquígrafo. Los litigios deben tener un fin. Desde hace tiempo hemos previsto que la muerte o incumplimiento de un taquígrafo podrían hacer fracasar a un apelante. Esto fué claramente tratado en el caso de *Mercado* v. *Ferreiro, supra.*

En este caso, después de concedidas varias prórrogas, el taquígrafo salió de Aguadilla para San Juan. Haciendo constar la imposibilidad de conseguirse al taquígrafo, el apelante en el curso de una prórroga, en junio 12, 1924, presentó una moción a la corte de distrito en forma alternativa. Solicitó que se requiriera al taquígrafo para presentar la transcripción de la evidencia, o se permitiera al apelante substituir una exposición del caso por tales notas taquigráficas. La corte, en junio 12, 1924, concedió al apelante diez días para presentar la exposición del caso en vez de las notas taquigráficas.

En junio 16, 1924, compareció de nuevo el taquígrafo en la corte de Aguadilla y presentó una moción solicitando una prórroga para presentar la transcripción de la evidencia. La corte, posiblemente sin siquiera darse cuenta de que era el mismo caso, concedió al taquígrafo diez días para presentar la transcripción. Tenemos entonces un espectáculo bifurcado. El mismo apelante se proponía radicar una exposición del caso. El taquígrafo pretendía seguir con la preparación de la transcripción.

Aparece, sin embargo, que el apelante eligió radicar una exposición del caso. Esto no lo hizo él en 22 de junio, que era cuando vencía la prórroga concedida para presentar la exposición, ni siquiera en junio 26, cuando expiraba el término concedido al taquígrafo, sino que la archivó en junio 30, suponiendo que la corte tenía derecho a permitir la radicación de la exposición del caso.

Convenimos con el apelado en que el día 30 de junio estaba enteramente fuera del término y que la apelación debe ser desestimada por no haber sido radicada la transcripción de autos dentro de los treinta días desde que se dictó la sentencia. De acuerdo con la ley y la constante jurisprudencia de esta corte una exposición del caso debe presentarse dentro del término permitido por el Código, o de su prórroga. El taquígrafo nunca radicó una transcripción de la evidencia y aparentemente no obtuvo ninguna otra prórroga. Después del 30 de junio la exposición del caso seguía al procedimiento ordinario de oposición y enmienda con intervención de ambas partes.

Si pudiera suponerse que la exposición del caso fué presentada en tiempo, o que el apelado por tomar parte en la discusión de la exposición estaba impedido, la apelación, sin embargo, debe ser desestimada.

En junio 12, 1924, la corte concedió una prórroga al apelante con el fin de radicar una exposición del caso. Esta fué la primera tentativa hecha para presentar dicha exposición del caso. En otras palabras, varios meses después

de interpuesta la apelación en marzo 7, 1924, el apelante pidió a la corte que se le permitiera radicar tal exposición cuando este término está limitado por el Código a diez días. No se invocó la sección 140 del Código de Enjuiciamiento Civil aun suponiendo que la corte inferior tuviera facultad para proceder de acuerdo con la misma. Semejante moción no fué notificada al apelado. El apelante, como hemos visto, presentó meramente una moción alternativa.

Su teoría según se revela al parecer en su informe oral ante esta corte era que las leyes Nos. 27 y 81 eran enmiendas al Código de Enjuiciamiento Civil y por tanto que habiendo empezado eligiendo usar las notas taquigráficas fué posible retroceder a la exposición del caso o pliego de excepciones autorizados por el Código de Enjuiciamiento Civil. Si las leyes de 1917 y 1919 tuvieran que considerarse como enmiendas al Código en este sentido serían plenamente anticonstitucionales. En el caso de *Rodríguez* v. *Puerto Rico R. L. & Power Co.,* 30 D.P.R. 931, y *Rodríguez* v. *P. R. R. L. & Power Co.,* 32 D.P.R. 416, la contención fué que las leyes de 1917 y 1919 eran anticonstitucionales por constituir enmiendas. Esta corte resolvió que las leyes no eran enmiendas, sino un medio nuevo e independiente de incorporar la prueba y por tanto quedaban fuera de la sanción de la Ley Orgánica, sección 34, párrafos 9 y 10, que prohibe la aprobación de leyes que no contengan una referencia específica a la enmienda como tal en el título o parte principal de las leyes. De modo que cuando uno elige proceder por medio de las notas taquigráficas no es un ramal o parte del modo original de incorporar la prueba mediante la exposición del caso o pliego de excepciones. El apelante hizo su elección de seguir el medio menos dificultoso y las notas taquigráficas nunca se completaron.

La exposición del caso en la cual insiste el apelante, fué radicada demasiado tarde. Las notas taquigráficas nunca se completaron y el apelado tiene derecho a que se desestime la apelación.

Ninguna de las partes citó nada de la anterior jurisprudencia a esta corte, copiosa como es. Parece imposible que los abogados no la hallaran. Por ejemplo, si se toma el volumen 30 de nuestras decisiones, en la página XLVI del mismo hay una referencia a la Ley No. 27 de 1917, indicativa de que se cita en el tomo en no menos de tres páginas del mismo (siete en inglés) en tres distintos casos. Asimismo el caso de *Mercado* v. *Ferreiro,* 26 D.P.R. 492, es el primero y principal caso sobre el particular, y la página 34 del tomo 30 demuestra que fué citado dos veces en el tomo. Mediante una referencia a la ley de la legislatura o a un caso principal, una vez conocido, los abogados deben poder encontrar y citar toda o la mayor parte de la jurisprudencia de esta corte.

*Debe desestimarse la apelación.*