Luis Alvarez y The Rosal Bank of Canada, demandantes y apelados, *v.* The National Fire Insurance Co., demandada y apelante.

No. 4177.—*Visto:* Marzo 31, 1927. *Resuelto:* Junio 14, 1927.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—RADICACIÓN DEL TRANSCRIPT DE LA EVIDENCIA—TÉRMINO PARA RADICARLO—PRÓRROGA—PRÓRROGA VENCIDO EL TÉRMINO.—Vencido el término concedido para preparar la transcripción de la evidencia, la corte inferior no tiene poder para conceder un nuevo término para archivarla. Es a la Corte Suprema a la que corresponde tal facultad.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—RADICACIÓN DEL TRANSCRIPT DE LA EVIDENCIA—TÉRMINO PARA RADICARLO—RADICACIÓN FUERA DEL TÉRMINO—NEGLIGENCIA EXCUSABLE.—Atendidas las circunstancias concurrentes *se resolvió:* que siendo excusable la negligencia del taquígrafo al no preparar la transcripción de la evidencia dentro del término, la Corte Suprema podía y debía en el ejercicio de su discreción permitir que dicha transcripción continuara unida a los autos para ser aprobada por el juez sentenciador a los efectos de la apelación interpuesta.

MOCIÓN sobre desestimación de apelación, interpuesta ésta contra sentencia de *Charles E. Foote,* J. (Mayagüez), declarando con lugar la demanda con costas en acción sobre cobro de póliza. *No ha lugar a desestimar.*

*José Sabater,* abogado del apelante; *Benet & Souffront,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso por no haberse archivado en tiempo la transcripción de los autos.

[1] La apelación se estableció el 29 de diciembre de 1926. La moción se archivó el 10 de febrero de 1927. Si no existía en esa última fecha pendiente de aprobación alguna exposición del caso o transcripción de evidencia, o si no se había prorrogado el término, tendría razón la parte apelada por haber transcurrido más de treinta días que es el tiempo concedido para ello por la ley.

La parte apelante sostiene que se está tramitando la aprobación de una transcripción de la evidencia a virtud de un nuevo término concedídole por la corte sentenciadora en uso de las facultades que le otorga el artículo 140 del Código de Enjuiciamiento Civil. La parte apelada alega en contrario que si bien esto es así, como la concesión del nuevo término es nula por carecer la corte sentenciadora de facultades para ello, de derecho la situación es la misma que si no existiera la transcripción y la desestimación procede.

En el caso de *certiorari* No. 566, *Luis Alvarez y The Royal Bank of Canada v. La Corte de Distrito de Mayagüez* que acabamos de resolver, hemos sostenido que de acuerdo con la repetida jurisprudencia de esta Corte Suprema, la corte de distrito no tenía poder alguno para conceder el nuevo término de que se trata, 36 D.P.R. 925. No se requiere un mayor estudio sobre el particular.

[2] Esto terminaría el caso si no fuera porque la parte apelada pidió a esta Corte Suprema que si resolvía que la corte de distrito no tenía jurisdicción para actuar en la forma en que lo hizo, juzgara ella misma las circunstancias concurrentes y ejercitara su discreción en su favor.

En el caso de *Pagán et al.* v. *Pagán,* 32 D.P.R. 640, esta corte, por medio de su juez asociado, Sr. Wolf, se expresó así:

"Ahora bien, aunque ha habido disparidad de criterio entre los miembros de esta corte respecto a si el artículo 140 del Código de Enjuiciamiento Civil puede ser invocado para revivir un término que ha vencido y permitirse a un apelante en la corte inferior que siga adelante con la incorporación de su prueba, estamos todos de acuerdo en varios puntos.

"El primero de éstos es que la falta del taquígrafo en radicar sus notas dentro del término concedido por la corte de distrito debe imputarse al apelante.

    *       *       *       *       *       *       *

"Una segunda cuestión en la cual conviene la Corte es que la omisión del apelante en hacer alguna gestión ante una u otra corte tendente a revivir el derecho de incorporación constituye una falta en proseguir el caso y confiere un derecho a solicitar la desestimación. La apelante no tomó ninguna medida en este caso.

"Una tercera proposición es que pueda o no invocarse el artículo 140, este tribunal en un caso adecuado puede permitir la incorporación de la evidencia."

Examinaremos, pues, las circunstancias concurrentes.

Ya hemos dicho que la apelación se estableció el 29 de diciembre de 1926. El mismo día se pidió a la corte que ordenara al taquígrafo que preparara la transcripción de la evidencia y la corte accedió por orden de 10 de enero de 1927, concediendo al taquígrafo el término de veinte días.

Al día siguiente, o sea el 11 de enero de 1927, el taquígrafo pidió a la corte que ordenara a la parte apelante que depositara la suma de mil doscientos dólares que consideraba el valor probable de sus derechos y la corte accedió. La suma fué consignada el 13 de enero de 1927.

Así las cosas, el 8 de febrero de 1927, unos nueve días después de vencido el término concedido al taquígrafo y dos antes de que se archivara en esta Corte Suprema la moción de desestimación que estamos considerando, la

parte apelante solicitó de la corte de distrito la concesión del nuevo término que ya conocemos.

Se ha tratado de demostrar que se solicitó una prórroga en tiempo, y que la solicitud debió extraviarse, cosa que no era de extrañarse dada la situación anormal porque atravesaba la secretaría de la Corte de Distrito de Mayagüez en aquel entonces, pero no consideraremos este aspecto de la cuestión porque a nuestro juicio si bien la situación anormal indicada se demostró, no hay prueba clara de que la prórroga fuera solicitada ni por el abogado de la parte ni por el taquígrafo.

Lo que sí resulta enteramente cierto es que el abogado de la parte apelante al vencerse el término viajaba hacia los Estados Unidos con el propósito de asistir a una importante vista en la Corte de Circuito de Apelaciones del Primer Circuito, que dicho abogado confió como era su práctica corriente en el taquígrafo y que el taquígrafo en esos mismos días fué trasladado a la Corte de Distrito de Guayama y olvidó solicitar la prórroga.

La negligencia del taquígrafo, imputable a la parte, y aún la del abogado, son evidentes. ¿Pueden excusarse?

A nuestro juicio las circunstancias revelan que la apelación se interpuso para ser en realidad de verdad proseguida. Se trata de un pleito serio. La parte demandada y apelante fué condenada a pagar veinte y cinco mil dólares. Habiendo sido notificada de la sentencia el 16 de diciembre, tenía hasta mediados de enero próximo para establecer el recurso. Eso no obstante lo interpuso el 29 de diciembre. Cuando el taquígrafo exigió el depósito de la crecida suma de mil doscientos dólares para el pago de sus honorarios, la parte apelante así lo hizo casi inmediatamente.

Es cierto que el abogado antes de salir para el continente debió haberse cerciorado de que el taquígrafo estaba

en condiciones de presentar la transcripción dentro del plazo que se le había concedido o solicitar una amplia prórroga para ello, pero su falta de previsión se explica por la rapidez de su viaje y por la confianza que le inspiraba el taquígrafo que venía desempeñando desde hacía tiempo su cargo, cumpliendo en todas las ocasiones con su deber.

Además, ¿cómo podía imaginar siquiera el abogado que el taquígrafo abandonara su caso cuando le esperaba el cobro de amplios honorarios que él mismo se cuidó de pedir que fueran depositados previamente?

La falta, el olvido, la negligencia del taquígrafo también se explican por su traslado. Se ve, estudiando detenidamente el caso, que el taquígrafo actuaba bajo la impresión de que contaba con el tiempo necesario.

Por último si se tiene en cuenta que sólo transcurrieron unos días después de vencido el término y que a la fecha en que el juez de distrito—5 de marzo 1927—ejercitó la discreción de que se creyó estar investido en favor de la parte apelante, ya estaba radicada la transcripción que es ciertamente voluminosa, y si se tienen en cuenta además las razonadas manifestaciones del abogado de la parte apelante por escrito y oralmente en el acto de la vista de la moción, con respecto a los motivos del recurso, es necesario concluir que nos encontramos frente a un caso que exige el uso de las facultades discrecionales del tribunal en pro de la continuación del recurso hasta ser resuelto por sus méritos.

En tal virtud, concediendo el nuevo término que necesario fuere, debe permitirse que la transcripción continúe unida a los autos para ser aprobada por el juez sentenciador y archivada luego en la Secretaría de esta Corte Suprema, debiendo, desde luego, la parte apelante imprimir a sus gestiones la mayor actividad que sea posible.

*No ha lugar a la desestimación solicitada.*