VICENTE MONTAÑÉS, demandante y apelado, *v.* GREGORIO MUÑOZ, ET. AL., demandados y apelantes.

No. 4560.—*Visto:* Abril 23, 1928. *Resuelto:* Mayo 10, 1928.

*José G. Torres* y *J. Valldejuly,* abogados de los apelantes; *Antonio Ayuso* y *Daniel Pellón, Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso basándose en que interpuesto el 3 de febrero último, la parte apelante solicitó la transcripción de la evidencia y la corte

concedió al taquígrafo veinte días para prepararla, término que venció el 4 de marzo siguiente sin que la transcripción fuera archivada. La parte apelada en su propia moción expresa que se concedió una prórroga el 6 de marzo, pero sostiene que como la corte no tenía jurisdicción para actuar, pues cuando lo hizo el término estaba ya vencido, es lo mismo que si nunca hubiese sido concedida.

La parte apelante presentó una oposición jurada alegando que siendo domingo el 4 de marzo, el término venció el lunes cinco; que ese lunes se personó su abogado al mediodía en la corte de distrito en busca del taquígrafo para enterarse del estado de la transcripción, y que allí supo que el taquígrafo estaba enfermo, que entonces requirió al archivero para que le mostrara el expediente y éste no pudo ser encontrado, que ignorando si el taquígrafo había o no solicitado prórroga y a los efectos de estar más seguro, el abogado redactó una moción pidiéndola y al regresar a la corte para presentarla antes de las cinco de la tarde halló cerradas las oficinas de la corte, que fué a casa del secretario y no lo encontró, que visitó la casa del Juez Sr. Berga y tampoco lo encontró y que al día siguiente bien temprano se personó en el despacho del indicado Juez Sr. Berga, le explicó todo lo currido y el juez le concedió la prórroga a que se refiere la moción de desestimación.

Alega la parte apelante que son válidos los procedimientos seguidos en la corte de distrito, pero para el caso de que se concluyera que la corte no tuvo jurisdicción para conceder la prórroga al día siguiente de vencido el término, invoca la discreción de este Tribunal Supremo.

A nuestro juicio las explicaciones de la parte apelante contenidas en su moción jurada y anteriormente extractadas, demuestran que no fué negligente. Se trata de una apelación relativamente reciente. Es cierto que hubiese sido sumamente fácil a la parte apelante cuando por primera vez dice

que estuvo en la corte de distrito el haber archivado su solicitud de prórroga, pero como se dilató sólo un día y pueden ser ciertas las manifestaciones hechas, demostrando la experiencia que muchas veces estando a nuestro alcance el camino más recto, no lo descubrimos en el acto y tomamos para realizar nuestro propósito sendas más complicadas y largas, seguiremos el precedente establecido en el caso de *Alvarez* v. *National Fire Insurance Co.*, 36 D.P.R. 928, y en el ejercicio de nuestra discreción concederemos como un nuevo término los treinta días que solicitaron los apelantes el 6 de marzo de 1928, quedando la corte de distrito con plena jurisdicción para seguir concediendo las demás prórrogas que en tiempo y por justa causa fueren solicitadas, debiendo desde luego la parte apelante imprimir a su trabajo y gestiones la mayor actividad que fuere posible.

El Juez Asociado Sr. Texidor no intervino.