Juan Amaral Suárez, demandante y apelado, *v.* Juana Gerena Burgos, demandada y apelante.

No. 6567.—*Sometido:* Marzo 26, 1934. *Resuelto:* Mayo 24, 1934.

*Daniel Pellón,* abogado de la apelante; *R. García Cintrón* y *R. Rodríguez Alberty* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

A la parte apelante se le venció en este caso el término que tenía para presentar en el tribunal inferior la transcripción de las notas taquigráficas para tramitar su apelación contra la sentencia y le concedimos un nuevo término para que pudiera ser presentada en dicha corte. Próximo a vencer ese término nos presentó moción la apelante para que le concediéramos un nuevo juicio por serle imposible presentar esa tanscripción en la corte inferior por haber fallecido el taquígrafo que las tomó sin que la hiciera. De esa moción se dió traslado a la parte contraria y oímos a las partes.

La cuestión de si se puede conceder un nuevo juicio por no ser posible hacer la transcripción taquigráfica de la evidencia para la apelación ha sido resuelta en el caso de *Sánchez Osorio* v. *Vizcarrondo,* 45 D.P.R. 66. Véase también el mismo caso en reconsideración, resuelto el 22 del corriente mes. En ese caso se perdieron las notas del taquígrafo que contenían la evidencia de una de las partes. La corte aprobó la de la otra parte y los autos de la apelación fueron presen-

tados en este tribunal. Al formular su alegato una de las partes dijo que debía concederse un nuevo juicio por faltar parte de las pruebas. Resolviendo esa cuestión dijimos que parece ser un caso excepcional para. el cual la corte de distrito retuvo jurisdicción, y la jurisprudencia tiende a demos trar que cuando procede tal moción ella generalmente debe ser invocada en la corte inferior. También se dijo que la apelada cita jurisprudencia al efecto de que una moción de nuevo juicio debe hacerse siempre en la corte inferior y que conveníamos en que dicha corte está en mejor posición para apreciar la importancia de la prueba y la moción de ordinario debe ser presentada allí. También dijimos que suponiendo que esta corte tenga poder inmanente, lo que no estamos dispuestos a negar, para ordenar un nuevo juicio por haberse perdido las notas del taquígrafo, sin embargo como regla debe presentarse una moción formal acompañada de un *affidavit* de méritos para que esta corte pueda discrecionalmente considerar si en realidad sería en verdadero interés de la justicia.

En vista de lo resuelto en el caso citado, de que los autos de la apelación no se encuentran ante nosotros y de que cuando no puede ser presentada en la corte inferior la transcripción de la evidencia es a ella a la que generalmente debe acudirse para obtener un nuevo juicio por ese motivo, opinamos que la moción de nuevo juicio presentada a nosotros *debe ser negada sin perjuicio de que la parte apelante lo solicite de la corte inferior.*