SANTOS BUXÓ, JR., demandante y apelado, *v.* EMIGDIO OSVALDO SELLÉS ROLDÁN, PEDRO VILLAFAÑE CUEVAS y su esposa MARÍA COLLAZO, demandados y apelantes.

No. 6683.—*Sometido:* Junio 18, 1934. *Resuelto:* Julio 26, 1934.

*Burset & Pérez Pimentel,* abogados de los apelantes; *González Fagundo & González, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En el presente caso resolvimos, al radicarse moción para desestimar, que nada había en los autos de la corte inferior que indicara la fecha en que el secretario hizo el archivo de la notificación, al decir éste que había notificado a las par-

tes de la sentencia. Tan sólo a partir de la fecha en que se hace tal asiento es que empieza a correr el término para apelar. Declaramos sin lugar una moción para desestimar. Opinión de esta corte de 29 de mayo de 1934 (46 D.P.R. 748).

■■■ La parte apelada entonces hizo que el secretario consignara en los autos la fecha en que realmente se efectuó la notificación. El secretario certifica ahora que tal asiento fué hecho el 15 de marzo de 1934. Como la apelación fué entablada el 17 de abril de 1934, el apelado insiste en que el recurso fué iniciado demasiado tarde y solicita nuevamente la desestimación del mismo.

El 17 de abril, cuando se entabló la apelación, nada había en los autos que demostrara cuándo el secretario archivó la notificación, y con tal motivo resolvimos que el recurso no debía ser desestimado. Resolvemos ahora que el término para apelar no fué fijado hasta que se puso la fecha, o sea, en junio 2, 1934. Es cierto que el secretario certifica que archivó la notificación en marzo 15, mas, no constando la fecha, el asiento era incompleto. La fecha formaba parte esencial del archivo de la notificación, y ésta fué omitida. Tal omisión no puede ser subsanada mediante un asiento *nunc pro tunc*. La ley exige certeza, según indica nuestra opinión anterior. Para aquel entonces no se había determinado la fecha en que comenzaba el término para apelar. En una corte de récord, el récord debe tomarse en consideración, y no se hizo asiento suficiente hasta el 2 de junio de 1934.

Debe declararse sin lugar la moción para desestimar.

■ Después de nuestra negativa anterior a desestimar el caso, de 4 de junio de 1934, los apelantes radicaron una moción solicitando de esta corte les concediéramos un término para archivar la exposición del caso o la transcripción de la evidencia. En la moción se alegaba que al tiempo de dictarse la sentencia los abogados actuales no eran los abogados de récord ni lo eran tampoco al tiempo de radicarse la apelación. Ellos alegaban tener una buena causa de acción.

Para demostrar su buena fe, los apelantes también han radicado copia de la demanda y de la contestación a la misma, de la cual, según sostienen, aparece una buena defensa. El apelado, fundándose en su moción para desestimar, no se ha opuesto a la moción de nuevo término. Hemos hecho un examen superficial de la contestación, y, considerando todas las circunstancias, estamos dispuestos a ejercer nuestra discreción y a conceder a los apelantes un nuevo término de diez días, contado a partir de la fecha en que esta resolución sea recibida en la corte inferior, para que manifiesten a dicha corte su elección para tramitar el recurso mediante exposición del caso o transcripción de la evidencia, continuando entonces dicha tramitación de acuerdo con la ley.

El Juez Asociado Señor Hutchison disintió.*