Santos Buxó, Jr., demandante, apelado y apelante *v.* Emigdio Osvaldo Sellés Roldán, Pedro Villafañe Cuevas y su esposa María Collazo, demandados, apelantes y apelados.

No. 6683.—*Sometido:* Noviembre 6, 1934. *Resuelto:* Julio 11, 1935.

*González Fagundo & González Jr.,* abogados de los apelantes-apelados; *Burset & Pérez Pimentel* y *Lucas F. Serbiá Córdova,* abogados de los apelados-apelantes.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El 13 de marzo de 1934 la Corte de Distrito de Humacao dictó la siguiente sentencia:

"La demanda en este caso se funda en un contrato de arrendamiento sobre cierto edificio destinado a panadería. Se alega la falta de pago de varios cánones mensuales y se pide sentencia por su

importe contra los arrendatarios. Éstos contestaron alegando haber solicitado la rescisión del contrato por desaparición de la cosa arrendada alegando no haberla poseído en momento alguno. El caso fué señalado para ser visto en su fondo el día 19 de diciembre de 1933. El señalamiento fué debidamente notificado a los abogados de las partes. El juicio se celebró en ausencia de los demandados, que no comparecieron. El demandante presentó prueba documental y testifical y de su análisis y estudio la corte llega a la conclusión de que debe declarar con lugar la demanda y dictar como dicta sentencia a favor de la parte demandante, condenando a los demandados a satisfacer al demandante la suma de $800.00 más las costas en la presente acción.''

Según éso, el juicio tuvo lugar en ausencia de los demandados. Aunque éstos presentaron una moción preliminar no comparecieron el día señalado para la discusión de la misma. El juicio se celebró el 19 de diciembre de 1933 y, desde luego, la corte tan sólo oyó la prueba del demandante. Esta fué tomada por el taquígrafo oficial. Este funcionario falleció el 19 de febrero de 1934, posiblemente sin haber transcrito sus notas; pero es algo significativo que la corte dictara sentencia posteriormente. Los demandados no estaban aparentemente enterados de la muerte del taquígrafo y permanecieron así mientras tenían lugar varios procedimientos ante este tribunal sobre la apelación, incluyendo una moción para que se les diera oportunidad de obtener en la corte inferior el privilegio de radicar una exposición del caso o la transcripción de la evidencia. Sea ello como fuere, los demandados, después de radicar el escrito de apelación y notificar el mismo, no hicieron gestión alguna para incorporar la prueba, ni solicitaron tiempo para ello en la corte inferior.

Mientras se hallaba pendiente ante este tribunal la apelación interpuesta contra la sentencia, nuevos letrados se hicieron cargo del caso. Se opusieron con éxito a dos mociones de desestimación. Fué mientras estaba pendiente la segunda moción que los apelantes solicitaron permiso para radicar la exposición del caso o la transcripción de la evidencia. Esta corte dictó resolución declarando sin lugar la

segunda moción para desestimar y concediendo permiso a los apelantes el 26 de julio de 1934. Antes de ese día y mientras su moción solicitando un nuevo término se hallaba pendiente ante esta corte, los apelantes, en junio 4, 1934, radicaron una moción de nuevo juicio en la corte de distrito, más no abandonaron en este tribunal su moción de nuevo término.

La moción de nuevo juicio presentada en la corte inferior se basaba en la muerte del taquígrafo y en la imposibilidad de reproducir las notas. La presente es la apelación interpuesta contra la resolución que declaró con lugar dicha moción.

■■ Ahora bien, no sabemos cuándo fué que, para los fines de su apelación, los nuevos letrados se percataron por primera vez de la muerte del taquígrafo oficial. Sin embargo, si después de haber apelado de la sentencia, sus predecesores se hubieran movido a tiempo con el propósito de incorporar la prueba, ellos hubieran averiguado la muerte del aludido taquígrafo. Entonces quizá se hubiera hecho algo para transcribir las notas o para que se preparara la exposición del caso. El juez que presidió la causa no fué el mismo que concedió la moción de nuevo juicio. Esto último fué hecho por un juez sustituto.

Al demostrarse debidamente la imposibilidad de reproducir las notas taquigráficas, de ordinario no intervendremos con la discreción de la corte inferior al conceder un nuevo juicio. *Sánchez Osorio* v. *Vizcarrondo,* 45 D.P.R. 66; *Amaral* v. *Gerena,* 46 D.P.R. 735.

No estamos convencidos de la imposibilidad de reproducir los hechos que se desarrollaron durante el juicio. Creemos que las demoras fueron inusitadas, conforme insiste el apelante, y no creemos que los demandados han demostrado suficientemente una defensa meritoria.

El juez que presidió la causa posiblemente pudo haber declarado sin lugar la moción de nuevo juicio. De acuerdo con sus notas o según su memoria, con la ayuda de los le-

trados del demandante, del secretario o aun de otros, el juez quizá podía reconstruir una exposición del caso.

Es cierto que la transcripción taquigráfica de ordinario es necesaria, pero el juez sentenciador la tenía o no la necesitó. Los hechos últimos quizá pudieron ser simples en extremo. La posibilidad de que fueran simples no se excluye de los *affidavits* que aparecen en autos, como tampoco la posibilidad de que la prueba pudiera ser fácilmente incorporada, acudiendo al juez que vió la causa.

Conforme hemos dicho, las demoras y el dejar de moverse dentro del período estatutario en solicitud de la incorporación, son factores extraordinarios en este recurso. Las demoras son imputables al cliente, no importa cuán diligentes puedan haber sido los letrados presentes.

El *affidavit* de méritos presentado era de todo punto poco satisfactorio. El juez que presidió la causa quizá pudo negar la moción por este motivo.

Creemos que éste es un caso en que se ha hecho un indebido uso de discreción o en que se ha cometido un abuso de ella, según se le denomina.

*Debe revocarse la resolución apelada y declararse no haber lugar a la concesión del nuevo juicio.*