Santos Buxó, Jr., demandante, apelado y apelante, *v.* Emigdio Osvaldo Sellés Roldán, Pedro Villafañe Cuevas y su esposa María Collazo, demandados, apelantes y apelados.

No. 6683.—*Resuelto:* Diciembre 18, 1935.

*González Fagundo & González, Jr.,* abogados de los apelantes apelados; *Burset & Pérez Pimentel* y *Lucas F. Serbiá Córdova,* abogados de los apelados apelantes.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En esta moción de reconsideración se desprende ahora

que al mismo tiempo que el apelante radicó ante este tribunal una moción (declarada con lugar por nosotros) solicitando un nuevo término para radicar la exposición del caso o la transcripción de la evidencia, también presentó una moción en la corte inferior en solicitud de un nuevo juicio basado en la pérdida de las notas taquigráficas. Necesariamente, cuando los letrados acudieron a este tribunal y solicitaron un nuevo término para incorporar la prueba, conforme hemos dicho, estábamos obligados a asumir que podía efectuarse tal incorporación. De lo contrario, ¿para qué hacer perder el tiempo a este tribunal, según se hizo, y conforme puede verse en las dos decisiones dictadas en este mismo caso? 47 D.P.R. 313, 48 D.P.R. 827. En otras palabras, el apelante creyó, al igual que nosotros, que existía una fuerte posibilidad de radicar bien la exposición del caso o la transcripción de la evidencia. Aún tenemos ese criterio.

El apelante sostiene que la opinión de este tribunal se basó en conjeturas y cosas similares. A nuestro juicio, muchas decisiones seguirán el mismo camino. En general, el famoso dilema, bien conocido a la lógica, es un ejemplo familiar. Una de dos cosas puede ser cierta, mas si cualquiera de ellas lo es, no obstante, determinada parte no puede vencer. Tal vez la opinión pudo haber sido más explícita en beneficio del apelante, pero no confiábamos en más conjeturas de las que, a nuestro juicio, el estado del récord exigía.

Naturalmente, estábamos bastante convencidos de que el taquígrafo murió sin transcribir sus notas y tan sólo por exceso de cautela dijimos "posiblemente sin haber transcrito sus notas." Confesamos que pudo haber sido mejor decir "probablemente". Existió la posibilidad contraria y también el hecho de que la corte pudo haber tenido acceso a las notas.

El apelante se sorprende de que digamos que era significativo que la corte dictara su sentencia más tarde, queriendo decir con ello después de la muerte del taquígrafo. Lo que en parte teníamos en mente, y creímos que ello era obvio,

fué que, asumiendo la ausencia de las notas, el juez no las necesitaba para llegar a su conclusión. Realmente pensamos que el juez fácilmente pudo haber reproducido de memoria los hechos surgidos durante el juicio.

Dijimos en nuestra opinión que después de la sentencia no se hizo tentativa alguna para "incorporar" la prueba. Debe ser que los letrados mal interpretan totalmente el uso de la palabra "incorporar". La corte desde luego no tiene facultad para oír a testigos de nuevo, pero fácilmente puede y de ordinario incorpora la prueba que efectivamente se presentó durante el juicio refiriéndose a las notas taquigráficas o a la exposición del caso presentada por los letrados y corregida por tal corte.

A lo que dábamos énfasis era a que después de la muerte del taquígrafo y luego de dictada la sentencia por la corte, fácilmente pudo haberse preparado una exposición del caso de lo que recordara el juez u otras personas, incluyendo quizá los letrados del demandante.

En una de nuestras decisiones anteriores, supra, excusábamos cualquier posible falta de diligencia del apelante al dejar de obtener un término para la presentación de la exposición del caso, la que, según sus propias manifestaciones, conforme decimos al principio de esta opinión, creímos podía ser presentada. Prácticamente, cuanto dijimos en estos casos anteriores fué sobre la base de que era posible incorporar la prueba.

Es cierto que en 47 D.P.R. 313, supra, manifestamos que el apelante aparentemente tenía una buena defensa, es decir, que así aparecía de las alegaciones. En nuestra última opinión creímos que debió haberse demostrado que el apelante en realidad de verdad tenía una buena defensa. Cuando se presenta una moción de nuevo juicio basada en la pérdida de las notas taquigráficas, debemos tener alguna idea de que el nuevo juicio puede alterar el resultado. *Sánchez Osorio* v. *Vizcarrondo,* 45 D.P.R. 66; *Amaral* v. *Gerena,* 46 D.P.R. 735.

Aún insistimos en que el juez sentenciador posiblemente

pudo haber reconstruído los hechos surgidos durante el juicio y esta posibilidad en forma alguna fué excluída por el apelante. Si el juez no podía hacerlo así, éste era un hecho fácilmente determinable. Entonces el mismo juez, si la moción hubiera sido presentada, tal vez podía haber concedido un nuevo juicio. El apelante no agotó sus oportunidades.

Dijimos que los hechos del caso quizá pudieron ser simples. No quisimos decir con ello que no pudieron haber cuestiones importantes de hecho o de derecho, sino que la reproducción de la prueba ofrecida durante el juicio no sería difícil. Si la prueba fué corta, como pudo serlo, y probablemente lo fué, fácilmente pudo haber sido recordada.

Si el juez que falló el caso hubiera concedido un nuevo juicio, con toda probabilidad no hubiéramos revocado su resolución. Sin embargo, cuando interviene otro juez estamos exactamente en la misma posición que éste y el apelante debe hacer algo para demostrarnos que debió haberse concedido un nuevo juicio, a fin de no privar a un apelado de un caso merecidamente ganado.

Desde luego, no fué culpa de los actuales letrados, mas cuando un demandado deja de presentarse al juicio tiene que hacer una demostración más fuerte que de ordinario para obtener un nuevo juicio.

La teoría de este tribunal tanto en el caso de *Sánchez Osorio* como en el de *Amaral,* supra, fué que una parte que solicita un nuevo juicio debe presentar una fuerte demostración de méritos.

*Debe declararse sin lugar la moción.*