Santos Buxó, Jr., demandante, apelado y apelante, *v.* Emigdio Osvaldo Sellés Roldán, Pedro Villafañe Cuevas y su esposa María Collazo, demandados, apelantes y apelados.

No. 6683.—*Resuelto:* Junio 26, 1936.

*González Fagundo & González, Jr.,* abogados de los apelantes apelados; *Burset & Pérez Pimentel* y *Lucas F. Serbiá Córdova,* abogados de los apelados apelantes.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

██ La presente es una moción para desestimar un recurso por haberlo dejado de proseguir con diligencia. La mayoría de la historia de este caso puede hallarse en las siguientes decisiones: *Buxó* v. *Sellés,* 46 D.P.R. 748; 47 D.P.R. 313; 48 D.P.R. 827; y 49 D.P.R. 219. Se admitió originalmente que la sentencia en este caso fué dictada cuando los letrados de la parte apelante se hallaban ausentes de la corte, y los actuales están dispuestos a admitir que esta ausencia no ha sido justificada. De igual modo, aparece que los apelantes permitieron que transcurriera el período estatutario para elegir la forma en que iban a incorporar la prueba. En verdad, condonamos esto y permitimos a los nuevos abogados que dieran pasos ulteriores en el caso, al declarar sin lugar la segunda moción para desestimar en 47 D.P.R. 313. La resolución de esta corte, dictada el 26 de julio de 1934, fué al efecto de que los demandados podían elegir incorporar la prueba tomada en el juicio *ex parte,* bien mediante una exposición del caso o mediante una transcripción de las notas taquigráficas. El 22 de agosto de 1934 los demandados, nominalmente por lo menos, optaron por incorporar la prueba valiéndose de la transcripción de las notas taquigráficas.

Sucedió que cuando los demandados solicitaron y obtuvieron permiso de este tribunal para incorporar la prueba, ellos habían radicado, el mismo día en que solicitaban de este tribunal permiso para hacer tal incorporación, una moción en la Corte de Distrito de Humacao solicitando un nuevo

juicio, basados en que el taquígrafo había muerto y en que les sería imposible obtener la transcripción de sus notas. Se dió énfasis a esta imposibilidad en el siguiente párrafo, tomado de la moción para reconsiderar nuestra decisión que revocó la sentencia de la corte inferior concediendo un nuevo juicio (48 D.P.R. 827):

"Y si esto se resuelve por este Honorable Tribunal cuando se pierden unas libretas donde constan las notas de un juicio, ¿cuando pierde la vida la persona que las tomó y no es posible en forma alguna encontrar un medio o recurso para transcribirlas, ya que solamente esto puede hacerlo el taquígrafo que las tomó, por ser los signos de cada taquígrafo individuales y convencionales?"

Y, citando también de la moción de los apelantes solicitando un nuevo juicio en la corte inferior:

"Que los demandados tampoco podrían acogerse a la transcripción de la evidencia por la razón de que el taquígrafo que tomó las notas durante el juicio lo fué el señor Delfín López Rivera, quien falleció el 19 de febrero del 1934, y teniendo en cuenta la muerte del taquígrafo es imposible que él prepare la transcripción de la evidencia ni tampoco otro taquígrafo haga la traducción de dichas notas taquigráficas, porque siendo convencionales para cada taquígrafo los signos que usa, es imposible materialmente que otro las lea, aunque su pericia sea extraordinaria, aparte de que la transcripción de la evidencia tiene que ser, por ministerio de la ley, certificada por el funcionario que interviene en el caso, y en el presente lo fué el fenecido Delfín López Rivera."

De suerte pues que es aparente (y así lo indicamos en nuestra opinión declarando sin lugar la moción para reconsiderar, 49 D.P.R. 219) que los demandados tenían conocimiento de esta imposibilidad cuando solicitaron permiso para incorporar la evidencia, y sin embargo no lo informaron a este tribunal. Si esta imposibilidad nos hubiese sido comunicada, con toda probabilidad no habríamos permitido a los demandados que eligieran una forma alternativa de incorporar la prueba. Los demandados no nos indicaron en forma alguna, al tiempo en que obtuvieron el aludido permiso para

incorporar, que también habían radicado una moción de nuevo juicio en la corte inferior. Si la moción de los demandados hubiese sido al efecto de que se les permitiera, si fuere posible, incorporar la prueba, en caso de que la moción de nuevo juicio no tuviera éxito, su proceder hubiera sido más inteligible, y nuestro propio curso se hubiera hecho más claro.

Conforme sucede, los apelantes están en posición de haber elegido, según ellos mismos dicen, una forma de incorporar la prueba que nunca hubieran estado en posición de efectuar.

Después de haber hecho la elección de valerse de la transcripción taquigráfica, *ubi supra,* los apelantes obtuvieron de la corte inferior una serie de prórrogas para radicar la misma. Ahora sugieren que podrían descansar en la Ley número 19 de 1935 (Leyes de ese año, pág. 177), que dispone lo que sigue en su parte pertinente:

". . . *Disponiéndose,* que en el caso de que el apelante hubiere optado por una transcripción de la evidencia para perfeccionar la apelación, y por muerte, incapacidad, ausencia del taquígrafo que tomó las notas o impedimento que apreciare la corte, no fuere posible radicar dicha transcripción, la corte, una vez determinada dicha imposibilidad, deberá conceder al apelante un término razonable para que radique entonces un pliego de excepciones o exposición del caso, en forma narrativa, según se dispone anteriormente."

Nuestra idea de esta ley es que la misma sólo se aplica a casos en que un apelante, habiendo optado originalmente por una forma de incorporar la prueba, se da cuenta más tarde de que tal forma es imposible, y no a un caso en que la imposibilidad, conforme admiten los apelantes, existía desde el principio y era por ellos conocida. Los apelantes optaron por una cosa vana y fútil. La Legislatura no tuvo en mente una ficción de hecho o de derecho. Puede resolverse que tal proceder de los apelantes al tratar de reproducir las notas taquigráficas era una nulidad *ab initio*. Puesto que los apelantes no pueden basarse en la Ley de 1935, supra, es imposible que puedan incorporar la evidencia en la forma por ellos escogida.

Aun suponiendo que los apelantes pudieran fundarse en la ley de 1935, supra, ellos no han dado paso alguno, por lo que nosotros sepamos, tendente a incorporar la prueba, radicando una exposición del caso, tal cual dicha ley sugiere.

Por tanto, nos sentimos obligados a resolver que toda vez que el proceder de los apelantes al tratar de incorporar la prueba era una nulidad, ellos se encuentran en la posición de no haber radicado los autos a tiempo. Cuando no se incorpora la prueba, se exige a la parte apelante que presente los autos ante este tribunal dentro del término de treinta días, contados a partir de la fecha en que se radica el escrito de apelación. Regla 40 de este tribunal. Dicho escrito fué presentado el 17 de abril de 1934 y la transcripción no fué elevada a esta corte hasta el 31 de julio del mismo año. Procede la desestimación, no obstante haber este tribunal concedido permiso para incorporar la prueba, toda vez que los apelantes no se situaron dentro del permiso concedídole, sino que optaron por seguir un camino imposible. En tanto en cuanto esta corte pueda ejercitar una discreción adicional, no creemos que debe demorarse al apelado por más tiempo en su sentencia favorable, especialmente en vista de que los apelantes no han radicado un verdadero *affidavit* de méritos. Decimos nuevamente, al igual que lo dijimos antes, que aunque había un caso meritorio sobre las alegaciones, no se hizo una demostración de méritos sobre los hechos.

*La moción de desestimación debe declararse con lugar.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.