HERMINIA GARCÍA VDA. DE ROLÓN, demandante y apelante *v.* JAIME VÁZQUEZ y LYDIA RIVERA, demandados y apelados.

Núm. 6782.—*Sometido:* Junio 11, 1937. *Resuelto:* Julio 13, 1937.

*Armando A. Miranda* abogado de la apelante; *Dubón & Ochoteco,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Herminia García Viuda de Rolón radicó demanda ante la Corte Municipal de Bayamón alegando que ella era dueña de una finca en la que está enclavada una casa ocupada como residencia de ella y de sus hijos desde hace unos veinte años, y en la que ha tenido establecido su hogar seguro; que es actualmente jefe de una familia de varios hijos; que ella y su difunto esposo constituyeron hipoteca sobre la finca a favor de los demandados; que éstos ejecutaron la hipoteca y les fué adjudicada la finca; y que los demandados han desalojado a la demandante de dicha propiedad. Se pide sentencia por la que se declare que la demandante tiene un derecho de hogar seguro, *homestead,* hasta la suma de $500.

Los demandados en su contestación negaron específicamente los hechos esenciales de la demanda, y alegaron como materia nueva que al procederse a la ejecución de la hipoteca y al ponerse en posesión del inmueble a los demandados, la demandante no residía en la finca ni tenía constituído de-

rccho alguno de hogar seguro sobre la misma, habiendo utilizado la casa desde enero 5 de 1923 como casa de vecindad, para dar sus apartamientos en arrendamiento a diferentes inquilinos.

La corte municipal desestimó la demanda por el fundamento de que la demandante no había probado su derecho de *homestead*. Elevado el caso a la Corte de Distrito de Bayamón, ésta dictó sentencia declarando sin lugar la demanda. La demandante interpuso el presente recurso, radicando su escrito de apelación el día 4 de diciembre de 1933.

■■ En 31 de agosto de 1934 la demandante apelante presentó ante la Corte de Distrito de Bayamón una moción solicitando un nuevo juicio. Alegaba en dicha moción que la demandante se acogió para su apelación al procedimiento para preparar la transcripción de evidencia; que a instancias del taquígrafo que tomó las notas, la demandante solicitó diversas prórrogas del término para radicar la transcripción de evidencia; que sin que la demandante ni su abogado tuviesen noticias de ello, el taquígrafo se embarcó para Estados Unidos sin haber preparado la transcripción; que la demandante y su abogado hicieron gestiones que resultaron infructuosas para saber el paradero del taquígrafo; y que por esos motivos la demandante y apelante se veía imposibilitada de presentar la transcripción de la evidencia. En su resolución denegando el nuevo juicio la Corte sentenciadora hizo constar que la orden para la preparación de la transcripción fué dictada en 5 de diciembre de 1933 y notificada al taquígrafo el 12 del mismo mes; que la demandante obtuvo seis prórrogas de treinta días cada una, expirando la última en junio 13 de 1934, en cuya fecha solicitó nueva prórroga; que todas las solicitudes de prórroga se basaban en la alegación de que ''debido al mucho trabajo que ha tenido el taquígrafo de esta corte en estos últimos días no ha podido estar terminada la transcripción de la evidencia''; que antes de proveer a la última solicitud de prórroga, la corte requirió a la demandante para que justificara las diligencias

que hubiere practicado para conseguir que el taquígrafo terminase la transcripción, y que nada justificó la demandante; que en julio 10, 1934, la demandante presentó una moción alegando que el taquígrafo se había ausentado para Estados Unidos sin terminar la transcripción y solicitando se le concediera un término razonable a la demandante para preparar una exposición del caso; que vistas las decisiones en *Cruz* v. *Sucn. Jiménez,* 30 D.P.R. 57, y 30 D.P.R. 853, la corte concedió a la demandante apelante un término de veinte días para ilustrar a la corte en cuanto a sus facultades para conceder el término solicitado; que la demandante nada hizo sobre el particular; y que por fin en 1º. de septiembre, 1934, la demandante radicó la moción de nuevo juicio. La corte hace constar además, que el taquígrafo renunció y cesó en su cargo el 21 de febrero de 1934, y que no obstante ese hecho, la demandante fundó sus solicitudes de prórroga de marzo 17, abril 19, mayo 15 y junio 13, en "el mucho trabajo que ha tenido el taquígrafo de esta Corte en estos últimos días." Basándose en la falta de diligencia de la parte apelante, la corte declaró sin lugar la moción de nuevo juicio. La demandante apeló.

Sostiene la apelante que la resolución denegando el nuevo juicio constituye un atropello contra la demandante y es contraria a derecho y a la jurisprudencia de este Tribunal Supremo.

La concesión o la denegación de un nuevo juicio es una facultad discrecional de la corte sentenciadora. Y solamente debe intervenir la corte de apelaciones cuando se trata de un caso claro de abuso de discreción.

La demandante apelante no actuó en este caso con la debida diligencia para perfeccionar su apelación, ya fuera presentando la transcripción de la evidencia o solicitando de esta Corte Suprema la concesión de un término razonable para la radicación de una exposición del caso. La orden de transcripción de evidencia fué notificada al taquígrafo el 12 de diciembre de 1934. Dos meses y nueve días más tarde,

.el 21 de febrero·de 1934, el taquígrafo renunció su cargo. No podemos creer que el abogado de la demandante permaneciese desde esa fecha hasta el 1°. de septiembre ignorando la renuncia y la ausencia del taquígrafo. Más aún, en 10 de julio de 1934, sabedor ya de la ausencia y renuncia del taquígrafo, el abogado de la demandante acudió a la corte de distrito en solicitud de un término para radicar una exposición del caso, en vez de dirigir su petición a esta Corte Suprema, que era la única que hubiera podido concederle el término que pedía. Y cuando la corte inferior, citando la jurisprudencia de esta Corte Suprema, le sugirió su carencia de facultades para concederle el término solicitado y le concedió un término de veinte días para que ayudase a la corte presentándole autoridades que sostengan su facultad, el abogado de la demandante no ayudó en nada a la corte y dejó transcurrir cerca de dos meses más antes de radicar su moción de nuevo juicio.

En el caso de *Buxó, Jr.,* v. *Sellés,* 48 D.P.R. 827, al revocar una resolución concediendo un nuevo juicio, por haber fallecido el taquígrafo que tomó las notas taquigráficas del juicio, esta corte se expresó así:

"Al demostrarse debidamente la imposibilidad de reproducir las notas taquigráficas, de ordinario no intervendremos con la discreción de la corte inferior al conceder un nuevo juicio. *Sánchez Osorio* v. *Vizcarrondo,* 45 D.P.R. 66; *Amaral* v. *Gerena,* 46 D.P.R. 735.

"No estamos convencidos de la imposibilidad de reproducir los hechos que se desarrollaron durante el juicio. Creemos que las demoras fueron inusitadas, conforme insiste el apelante, y no creemos que los demandados han demostrado suficientemente una. defensa meritoria.

"  *      *      *      *      .      *      *      *

"Es cierto que la transcripción taquigráfica de ordinario es necesaria, pero el juez sentenciador la tenía o no la necesitó. Los hechos últimos quizá pudieron ser simples en extremo. La posibilidad de que fueran simples no se excluye de los *affidavits* que aparecen en autos, como tampoco la posibilidad de que la prueba pudiera ser fácilmente incorporada, acudiendo al juez que vió la causa.

"Conforme hemos dicho, las demoras y el dejar de moverse den-

tro del período estatutario en solicitud de la incorporación, son factores extraordinarios en este recurso. Las demoras son imputables al cliente, . . .''

En el caso ante nos no se presentó ningún *affidavit* de méritos para poner a la corte inferior y a esta Corte Suprema en condiciones de poder determinar si la demandante tenía una causa de acción meritoria y si la había sostenido con prueba también meritoria. Tampoco se nos ha convencido de la imposibilidad de reproducir los hechos que se desarrollaron durante el juicio. La simple lectura de las alegaciones de las partes revela que la prueba practicada debió ser poco complicada y fácil de reproducir. La relación del caso y opinión de la Corte sentenciadora demuestra que la prueba practicada en el juicio era sumamente sencilla y fácil de reproducir.

*Los hechos que hemos expuesto justifican, a nuestro juicio, la resolución recurrida, la cual debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.