CARMEN CARRIÓN GARCÍA, demandante y apelante, *v.* LUZ MARÍA SAMPEDRO Y OTROS, demandados y apelados.

Número 10647.

*Sometido:* 17 de diciembre de 1952. *Resuelto:* 19 de febrero de 1953.

---

*E. Martínez Rivera,* abogado de la apelante; *Félix Ochoteco, Jr.,* abogado de los codemandados Luz María Sampedro y Ramón Antonio Fournier Sampedro.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

En una acción sobre liquidación de gananciales y otros extremos seguida ante la Sección de San Juan del anterior Tribunal de Distrito de Puerto Rico por Carmen Carrión García contra Luz María Sampedro y otros, aquel tribunal dictó sentencia desestimando la demanda después de celebrarse un juicio en los méritos. La demandante solicitó la reconsideración de dicha sentencia y simultáneamente solicitó además un nuevo juicio. Oídas las partes sobre ambas solicitudes dicho tribunal a quo dictó sendas resoluciones declarándolas sin lugar. La demandante interpuso entonces recurso de apelación para ante este Tribunal contra la sentencia y las referidas resoluciones y a solicitud suya el tribunal sentenciador ordenó en 16 de mayo de 1951 la preparación y radicación de la transcripción de la evidencia a los efectos de la apelación interpuesta. Tanto la apelante como los dos taquígrafos que intervinieron en el juicio solicitaron varias prórrogas para radicar la referida transcripción de la evidencia. Mientras tanto falleció en agosto 7 de 1951 uno de los referidos taquígrafos sin que hubiera transcrito las notas tomadas por él. Posteriormente la demandante radicó en el tribunal a quo otra moción solicitando un nuevo juicio, fundándola en la imposibilidad de radicar la transcripción de las notas tomadas por el taquígrafo fallecido, o en su sustitución, una exposición parcial del caso y pliego de excepciones. Después de celebrarse una vista sobre dicha moción de nuevo juicio el tribunal a quo dictó resolución declarándola sin lugar. Contra esa resolución interpuso la demandante el presente recurso de apelación.

 La cuestión a resolver es si bajo las circunstancias que median en este caso la corte a quo abusó de su discreción al denegar la moción de nuevo juicio. ($^1$) Para ello es necesario hacer una breve reseña de los hechos esenciales que tuvo ante sí dicha corte al dictar la resolución apelada. La propia apelante los resume en la siguiente forma:

"1.—El señor Gandía falleció en 7 de agosto de 1951 sin haber preparado la transcripción de las notas que tomó durante el juicio en esta acción.

"2.—Las notas del señor Gandía no pueden ser leídas ni transcritas por otra persona. (Véase Transcripción, pág. 7.)

"3.—El señor Gandía tomó todos los procedimientos habidos y la prueba practicada en el turno de la parte demandada. (Transcripción, pág. 11.)

"4.—El taquígrafo señor Gandía y la demandante tenían convenida la compensación a pagarse a dicho taquígrafo por su labor. (T., pág. 18.)

"5.—Ni la demandante ni su abogado tomaron notas durante el juicio de los incidentes entre las partes, ni de las manifestaciones del Juez, ni de las preguntas a los testigos, ni de las contestaciones de éstos. (T., pág. 12.)

"6.—En el expediente del Tribunal y en las minutas del caso no hay anotaciones conteniendo información de lo declarado por los testigos."

El artículo 299 del Código de Enjuiciamiento Civil de 1904 ($^2$) disponía la manera de presentar una apelación en este Tribunal Supremo contra sentencias de las antiguas cortes de distrito. Disponía dicho artículo que el apelante debía presentar a la corte de apelación una copia del escrito interponiendo el recurso, del legajo de la sentencia y de cualquier pliego de excepciones o alegación hecha en el caso, en los cuales se apoyare el apelante. Este artículo es enmendado en el 1911, ($^3$) y en virtud de dicha enmienda se establece por

---

($^1$) La concesión o denegación de un nuevo juicio descansa en la discreción del tribunal sentenciador y no intervendremos con su ejercicio a menos que se abuse de ella. *García* v. *Vázquez*, 51 D.P.R. 899.

($^2$) Leyes de Puerto Rico de 1904, pág. 177.

($^3$) Ley núm. 70 de 9 de marzo de 1911—Leyes de Puerto Rico de ese año, pág. 238.

vez primera el sistema de apelación mediante un pliego de excepciones y exposiciones del caso. Véase *Mercado et al.* v. *Sucesión de Ferreiro*, 26 D.P.R. 492. En el año 1913(⁴) se vuelve a enmendar el referido artículo adicionándosele un "disponiéndose", en el sentido de permitir en la apelación de una sentencia definitiva el uso del pliego de excepciones y exposición del caso usado en una moción de nuevo juicio.

Es en el año 1917 cuando nuestra Legislatura, por medio de la Ley núm. 27 de 27 de noviembre de ese año—Leyes de Puerto Rico de 1917, Tomo II, pág. 275—(⁵) adopta el sistema de opción para apelar, permitiendo a las partes escoger entre apelar por medio del tradicional pliego de excepciones y exposición del caso o por medio de una transcripción de la evidencia preparada por el taquígrafo. *Mercado et al.* v. *Sucesión de Ferreiro*, supra. Dicha ley no se pasó como una enmienda al artículo 299, por lo que éste quedó en vigor en toda su extensión. Su alcance no fué otro que el de conceder el derecho de opción señalado. *González* v. *Méndez*, 33 D.P.R. 846. Posteriormente y a fin de conformar el artículo 299 con la citada ley núm. 27 de 1917, aquél volvió a ser enmendado por la Ley núm. 81 de 26 de junio de 1919—Leyes de ese año,

(⁴) Ley núm. 21 de 11 de mayo de 1913—Leyes de ese año, pág. 65.

(⁵) Las secciones 1 y 2 de dicha ley leen como sigue:

"Sección 1.—En lugar de preparar el pliego de excepciones o la exposición del caso que determina el artículo 299 del Código de Enjuiciamiento Civil, con el fin de que se revise en grado de apelación cualquier materia u orden revisable en la apelación de una sentencia final, podrá radicarse en poder del Secretario de la corte de cuya sentencia, orden o resolución se hubiere apelado, un escrito solicitando que se haga y prepare una transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, y de todas las resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen. Dicho escrito deberá presentarse dentro de diez días después de haberse archivado la apelación.

"Sección 2.—Al recibir dicho escrito, será el deber de la corte ordenar al taquígrafo de la misma que transcriba fiel y completamente el récord taquigráfico del juicio. El taquígrafo, dentro de los veinte días después de habérsele así ordenado por la Corte, deberá preparar una transcripción de las notas taquigráficas del juicio, incluyendo en dicha transcripción copia de todos los documentos ofrecidos y admitidos como prueba, y de cualquier otra materia que se hubiere solicitado en el escrito, que se incluyan en la

pág. 675—al efecto de que "Constituirá el récord de una apelación la certificación que libran el secretario del tribunal a quo, o los abogados de las partes, del legajo de la sentencia(⁶) y de la notificación de la apelación, *excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley.* En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás documentos que constituyen el legajo de la sentencia autorizada en la forma prevista anteriormente . . ." (Bastardillas nuestras.)

Bajo este estado de la ley fué que señalamos en *González* v. *Méndez,* supra, que "Desde hace tiempo hemos previsto que la muerte o incumplimiento de un taquígrafo podrían hacer fracasar a un apelante". La razón podía ser la de que si un apelante optaba por la transcripción de evidencia para perfeccionar su recurso y luego no podía radicarla dentro del término de ley o de su prórroga, por muerte o incumplimiento del taquígrafo, ya para ese momento habría expirado el término para presentar un pliego de excepciones y exposición del caso, por lo que el apelante quedaba imposibilitado de perfeccionar su apelación.

---

transcripción, y entregará ésta al secretario de la referida corte. Cuando dicha transcripción sea entregada al secretario, el juez señalará día para su aprobación, y será deber del secretario notificar a los abogados de las partes dicho señalamiento con diez días de antelación. El día fijado para su aprobación, el juez la examinará y cuidará de que la misma sea una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio, de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, actos y manifestaciones de la corte, así como de todas las objeciones y excepciones de los letrados y de la materia a que las mismas se refieren. En dicho acto, las partes podrán solicitar la inclusión de todos aquellos documentos, constancias o particulares que deban unirse a la misma, de acuerdo con las resultancias del litigio, para su mayor exactitud. El juez entonces certificará la fidelidad y corrección de dicha transcripción y, cuando sea así aprobada, constituirá y formará parte del legajo de la sentencia como si fuera el pliego de excepciones o exposición del caso previsto en el artículo 299 del ya citado Código, procediéndose en todo lo demás como dispone el repetido artículo."

(⁶) El párrafo anterior del artículo 299 dispone que una vez aprobado por el juez el pliego de excepciones y exposición del caso éste pasará a formar parte del legajo de la sentencia.

Esta posible contingencia fué eliminada mediante la aprobación de la Ley núm. 19 de 11 de abril de 1935—Leyes de ese año, pág. 177—enmendatoria del artículo 299. La enmienda consistió en adicionarle al párrafo 5º de dicho artículo un "disponiéndose" que lee como sigue:

*"Disponiéndose, que en el caso de que el apelante hubiere optado por una transcripción de la evidencia para perfeccionar la apelación, y por muerte, incapacidad, ausencia del taquígrafo que tomó las notas o impedimento que apreciare la corte, no fuere posible radicar dicha transcripción, la corte, una vez determinada dicha imposibilidad, deberá conceder al apelante un término razonable para que radique entonces un pliego de excepciones o exposición del caso, en forma narrativa, según se dispone anteriormente."*

Es claro que desde entonces y bajo el sistema de opción que ya venía rigiendo, cuando al apelante que optaba por la transcripción de la evidencia le era luego imposible radicarla por razón de la muerte, incapacidad o ausencia del taquígrafo que tomó las notas, su recurso no quedaba por ello perjudicado pues probados aquellos hechos a satisfacción de la corte sentenciadora, ésta debía concederle un término razonable para radicar, en sustitución de la transcripción de la evidencia, un pliego de excepciones y exposición del caso. Con anterioridad a la fecha en que se estableció este medio sustituto habíamos resuelto que cuando un apelante se ve imposibilitado de perfeccionar su recurso debido a circunstancias excepcionales, tales como cuando sin culpa del apelante se perdiesen las notas tomadas por el taquígrafo, o cuando éste falleciere antes de transcribir dichas notas, las cortes sentenciadoras retienen su jurisdicción para conceder un nuevo juicio por ese motivo. *Sánchez Osorio* v. *Vizcarrondo*, 45 D.P.R. 66 y 46 D.P.R. 698; *Amaral* v. *Gerena*, 46 D.P.R. 735, resueltos en mayo 10 de 1933, mayo 22 de 1934 y mayo 24 de 1934, respectivamente. Estando ya rigiendo la en-

mienda del año 1935 (⁷) que establecía el referido medio sustituto para perfeccionar una apelación, resolvimos el caso de *Buxó, Jr.* v. *Sellés*, 48 D.P.R. 827, ratificando la doctrina sentada en los de *Sánchez Osorio* y *Amaral*. En el de *Buxó, Jr.* sin embargo, este tribunal no quedó convencido de la imposibilidad de reproducir los hechos que se desarrollaron en el juicio y revocó la resolución apelada que concedía un nuevo juicio.

Por la Ley núm. 111 de 5 de mayo de 1939—Leyes de ese año, pág. 575—se enmienda por última vez el citado artículo 299. Esta ley derogó además la de 1917 que establecía la opción. De ahí en adelante, en acciones civiles, hay en principio una sola manera para perfeccionar una apelación: la transcripción de la evidencia. No hay derecho de opción. Sin embargo, se conserva el "disponiéndose" de la ley de 1935, supra, al efecto de que en caso de muerte, ausencia o incapacidad del taquígrafo se apelará por medio del pliego de excepciones y exposición del caso. (⁸)

---

(⁷) La Ley núm. 19 de 1935 fué aprobada el día 11 de abril de ese año y comenzó a regir a los noventa días después de su aprobación, o sea, el día 11 de julio de 1935. El caso de *Buxó, Jr.* v. *Sellés*, supra, fué resuelto precisamente el mismo día 11 de julio de 1935.

(⁸) El artículo 299 del Código de Enjuiciamiento Civil tal como rige hoy en día, lee como sigue:

"Artículo 299.—Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante, dentro de los diez (10) días siguientes a la radicación de ese escrito deberá presentar y radicará en poder del secretario de la corte de cuya sentencia, orden o resolución se hubiere apelado, un escrito solicitando que se haga y prepare la transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, y de todas las resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen.

"Al recibir dicho escrito, será el deber de la corte ordenar al taquígrafo de la misma que transcriba fiel y completamente las notas taquigráficas del juicio. El taquígrafo, dentro de los veinte (20) días después de habérsele así ordenado y notificado por la corte, o de la prórroga que se le conceda a su solicitud o de la parte apelante, deberá preparar y radicar una transcripción de las notas taquigráficas del juicio, incluyendo en dicha transcripción copia de todos los documentos ofrecidos y admitidos como prueba, y de cualquier otra materia que se hubiere solicitado en el escrito, que se incluyan en la transcripción, y entregará ésta al secretario

En el año 1941 y ya en vigor el artículo 299 según fué enmendado por la ley de 1939, supra, resolvimos, el caso de *Olmedo* v. *Rivera*, 59 D.P.R. 487. En ese caso había fallecido uno de los taquígrafos que tomó parte de las notas del juicio por lo que el apelante no pudo radicar una transcripción de la evidencia completa. Sin embargo preparó y radicó una exposición del caso, más ésta no fué aprobada por el juez de la corte a quo a quien se le sometió para ello. Nosotros también nos negamos a aprobar dicha exposición del caso, pero le reservamos al apelante el derecho de acudir al tribunal sentenciador en solicitud de nuevo juicio. Así lo hizo el apelante y dicho tribunal dictó una resolución concediéndole un nuevo juicio. Posteriormente desestimamos, por frívolo, el recurso interpuesto contra esa resolución.

En el caso de *Buxó, Jr.* v. *Sellés*, supra, no discutimos ni consideramos el alcance del "disponiéndose" que se le adicionó al artículo 299 por la ley de 1935, al efecto de proveer un

de la referida corte; *Disponiéndose*, que cuando se trate de prueba documental, en la transcripción que prepare el taquígrafo hará referencia al número o letra con que se hubiere marcado durante el juicio el documento como *exhibit*, y la parte apelante puede preparar una transcripción del documento, si fuere factible de transcripción, señalando el número o letra que le corresponda como tal *exhibit*, y radicarlo en la secretaría de la corte dentro del término concedido al taquígrafo para preparar la transcripción de evidencia o la prórroga que se conceda a esos efectos, siendo deber del Secretario dar cuenta al Juez que entendió y resolvió el caso de esa transcripción de documentos al mismo tiempo que dé cuenta de la transcripción que prepare el taquígrafo, a fin de que el Juez proceda a aprobarla y certifique su corrección juntamente con la transcripción de evidencia; *Y se dispone por último*, que en ningún caso la demora del taquígrafo en preparar dicha transcripción, constituirá motivo legal para desestimar una apelación. Si en el término de sesenta (60) días desde que la corte se lo ordenó por primera vez, el taquígrafo dejare de preparar la transcripción, deberá ser compelido a ello por la corte por los medios coercitivos procedentes. El taquígrafo entregará una copia de la transcripción al apelante, otra al apelado, y la tercera al secretario para ser unida al legajo de la sentencia, certificando dicha entrega al pie del original. Se dispone, además, que cuando sea necesario para una correcta inteligencia y resolución del asunto, que algún mapa, documento original o *exhibit* de cualquier clase, que no sea susceptible de reproducción por medio de copia, fotografía o de otro modo, sea presen-

medio sustituto para perfeccionar una apelación cuando al apelante, después de haberse acogido a la transcripción de la evidencia, se le hacía imposible radicarla por alguna de las causas enumeradas en el estatuto. Tampoco lo hicimos en el caso de *Olmedo* v. *Rivera,* supra, mas en éste ello era innecesario toda vez que el allí apelante hizo uso, aunque infructuosamente del medio sustituto, radicando una exposición del caso, la que como hemos dicho no fué aprobada por el juez de la corte a quo ni por este Tribunal.

El alcance de tal "disponiéndose" es hoy evidente. Estableciéndose el método de la transcripción de la evidencia como método obligatorio para perfeccionar una apelación se previó en la ley la posibilidad de que a causa del fallecimiento, incapacidad o ausencia del taquígrafo que tomó las notas en el

tado al examen e inspección de la Corte Suprema, se hará una descripción del mismo, y, por orden de la corte, el secretario del tribunal después de autenticar dicho mapa o documento original o *exhibit,* bajo su firma y sello de la corte, remitirá el mismo al Secretario de la Corte Suprema, haciendo constar que se ha hecho parte del récord del asunto. Cuando dicha transcripción sea entregada al secretario de la referida corte, el juez señalará día para su aprobación y será deber del secretario notificar a los abogados de las partes dicho señalamiento con diez (10) días de antelación por lo menos. El día fijado para su aprobación, el juez la examinará y cuidará de que la misma sea una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio, de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, actos y manifestaciones de la corte, así como de todas las objeciones y excepciones de los letrados y de la materia a que las mismas se refieren. En dicho acto, las partes podrán solicitar la inclusión de todos aquellos documentos, constancias o particulares que deban unirse a la misma de acuerdo con las resultancias del litigio, para su mayor exactitud. El juez entonces certificará la fidelidad y corrección de dicha transcripción, y cuando sea así aprobada, constituirá y formará parte del legajo de la sentencia. En caso de que el taquígrafo que hubiere tomado las notas durante el juicio falleciere, se incapacitare o se ausentare, hechos éstos que deben probarse a satisfacción del tribunal, y no fuere posible radicar la transcripción de la evidencia, el apelante dentro de un término razonable que a esos efectos le conceda la corte, preparará una exposición en forma narrativa de la evidencia que se hubiere presentado y pliego de excepciones que deberá ser aprobada y certificada por el juez que conoció y resolvió el asunto, y se enviará en forma original junto con el legajo de la sentencia, al Tribunal Supremo por el secretario de la corte de distrito dentro del término de treinta

juicio, quedare el apelante imposibilitado de perfeccionar su recurso y se dispone que en tal caso, el apelante debía hacer uso, como método sustituto, del pliego de excepciones y exposición del caso. En esa forma la parte perjudicada por una sentencia no pierde su derecho a presentar su caso a esta corte apelativa.

Las partes quedan pues advertidas de que no pueden descansar exclusivamente en el taquígrafo para perfeccionar una apelación. Ellas deben prever también la ocurrencia de alguna de las eventualidades señaladas en la ley, y colocarse, mediante el ejercicio de razonable diligencia, en condiciones de cumplir con el estatuto que les reserva un método sustituto para apelar.

---

(30) días a contar desde que el juez imparta su aprobación a dicha exposición del caso y pliego de excepciones.

"Constituirá el récord de una apelación la certificación que libren el secretario del tribunal *a quo*, o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley. En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás documentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente. Será deber del apelante entregar al secretario dicha certificación autorizada por los abogados de las partes, o solicitar la misma de aquél, y dicho funcionario elevará a la Corte Suprema, sin demora alguna, el récord completo de la apelación. El récord de apelación deberá ser archivado en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado la transcripción de la evidencia, sin que la demora del secretario perjudique a la apelación, con la constancia de haberse notificado a los abogados de las partes apeladas, con copia literal de las alegaciones que formen el legajo de la sentencia, por el abogado del apelante.

"Constituirá el récord de una apelación la certificación que libre ei secretario del tribunal *a quo*, o los abogados de las partes, del legajo de la sentencia y de la certificación de los demás documentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente.

"El secretario de la corte de distrito elevará a la Corte Suprema, sin demora alguna, el récord completo de la apelación. El récord de la apelación deberá ser archivado en la Secretaría de la Corte Suprema dentro de los treinta (30) días siguientes al en que se haya aprobado por la corte."

En el caso de autos la corte a quo basó su resolución fundamentalmente en la Regla 10 (f) del Reglamento de este Tribunal, aprobada en 15 de marzo de 1946. (⁹)

Esta regla sigue, en lo fundamental, el lenguaje del artículo 299 del Código de Enjuiciamiento Civil. La apelante sostiene, sin embargo, que esa regla no es aplicable a su caso aunque asume la posición de que la misma rige los procedimientos en la corte a quo. Su argumento es al efecto de que como dicha regla no contiene disposición alguna sobre lo que deba hacerse cuando el taquígrafo fallece sin haber preparado la transcripción de la evidencia y el apelante se encuentra imposibilitado de someter un pliego de excepciones y exposición del caso, procede entonces la celebración de un nuevo juicio. Tal argumento, decimos nosotros, sería igualmente aplicable al artículo 299, que es el que a nuestro juicio, rige el caso de la apelante.

La debilidad de su argumento consiste en que en este caso la propia apelante, por falta de diligencia, se ha colocado en condiciones de no poder preparar y radicar la exposición parcial del caso y pliego de excepciones. Ella ha admitido que su abogado no tomó notas durante el juicio a pesar de que según manifestó el juez de la corte a quo, la prueba testifical de los demandados, que es la única que no ha podido elevarse a este Tribunal, consistió en cuatro testimonios breves y sen-

---

(⁹) Dicha Regla 10 (f) lee en lo pertinente como sigue:

"En caso de que el taquígrafo que hubiere tomado las notas durante el juicio falleciere, se incapacitare o se ausentare, hechos éstos que deben probarse a satisfacción de este Tribunal, y no fuere posible radicar la transcripción de la evidencia, el apelante dentro de un término razonable que a esos efectos le conceda la corte inferior, preparará una exposición en forma narrativa de la evidencia que se hubiere presentado y pliego de excepciones que deberá ser aprobado y certificado por el juez que conoció y resolvió el asunto. Dentro de treinta días después de aprobada la transcripción de evidencia por el juez de distrito, el secretario la enviará junto con el legajo de sentencia, prueba documental y exhibits originales si los hubiere, al secretario de este Tribunal. En los casos en que no hubiere transcripción de evidencia, el apelante radicará el legajo de sentencia ante este Tribunal dentro de los treinta días siguientes a la fecha en que se radicó el escrito de apelación."

424

cillos. Ciertamente no podemos considerar que una parte ha sido diligente, y que por lo tanto ha agotado los remedios que la ley le concede, cuando en un caso como el presente, la inacción de esa parte al dejar de tomar notas en el juicio, no queda debidamente justificada. Los litigantes no deben esperar que se les conceda un nuevo juicio cuando por su falta de previsión se vean imposibilitados de perfeccionar una apelación. Consideradas todas las circunstancias de este caso, resolvemos que la corte a quo no cometió error al denegar la moción de nuevo juicio presentada por la apelante.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Belaval no intervino.