CELIA OLMEDO WOODS, demandante y apelada, *v.* ROMUALDO RIVERA, PABLO MELÉNDEZ y PHILIP EL KOURY, demandados y apelantes.

Núm. 8363.—*Sometido:* Noviembre 10, 1941. *Resuelto:* Noviembre 17, 1941.

*E. Martínez Rivera,* abogado de los apelantes; *Miguel Olmedo,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos y antecedentes de este caso, son como sigue:

En julio 14, 1938, Celia Olmedo radicó una demanda contra el que fué su esposo, Romualdo Rivera, y contra Pablo Meléndez y Philip El Koury, solicitando la nulidad de una sentencia obtenida por Meléndez contra Rivera, en una acción sobre cobro de un pagaré; y la nulidad de la venta de un inmueble hecha para satisfacer la sentencia dictada contra Rivera. Las alegadas causas de nulidad fueron: (*a*) que habiendo quedado disuelta la sociedad de gananciales entre Celia Olmedo y Romualdo Rivera, antes de que se iniciara la acción contra Rivera, no se pueden vender bienes ganan-

ciales para satisfacer la sentencia, sin hacer parte demandada a la esposa, cosa que no se hizo; (*b*) que el pagaré en que se basó la acción contra Rivera era simulado; y (*c*) que el procedimiento seguido fué el resultado de una conspiración entre los tres demandados para defraudar a Celia Olmedo de la mitad que le corresponde en la finca ejecutada, la que fué adjudicada al demandado El Koury. En diciembre 30, 1938, la Corte de Distrito de San Juan dictó sentencia desestimando la demanda. Apeló la demandante. Y habiéndose negado la corte inferior a aprobar la exposición del caso sometida por la apelante, acudió ésta ante nos en solicitud de que aprobásemos dicha exposición. En diciembre 18 de 1940 esta Corte Suprema resolvió no aprobar la exposición del caso, pero reservó a la demandante apelante el derecho a solicitar de la corte inferior la concesión de un nuevo juicio. Solicitado éste oportunamente, la corte inferior lo concedió por resolución dictada en abril 3, 1941. Apelaron los demandados de la resolución concediendo el nuevo juicio y también de otra resolución dictada en la misma fecha, por la que se ordena al registrador de la propiedad que reinstale la anotación de *lis pendens* que había sido cancelada por orden de la misma corte. En abril 21, 1941, la corte inferior concedió al taquígrafo 20 días para la preparación de la transcripción de la evidencia. A petición del taquígrafo y sin que éste alegase causa o motivo para ello, la corte inferior concedió cinco prórrogas de treinta días cada una, haciendo constar al aprobar la última en septiembre 17 de 1941 ''que no se concederán nuevas prórrogas a no ser por motivos justificados, a juicio de esta corte.'' Desde esa fecha en adelante, la corte inferior ha seguido prorrogando el término, por el alegado motivo de encontrarse enfermo el taquígrafo que actuó en el acto de la vista de la moción de nuevo juicio.

En sus oposiciones a la concesión de nuevas prórrogas y en la moción que ahora formula para que el presente

recurso sea desestimado por ser frívolo y por no haber sido proseguido con la debida diligencia, la parte apelada insiste en que no hay evidencia alguna que transcribir y alega que en la vista de la moción de nuevo juicio sólo se presentaron a la consideración de la corte los documentos obrantes en el expediente del caso, sin que se practicara prueba testifical alguna; y que esos documentos pueden ser copiados por cualquier mecanógrafo en muy pocas horas, no siendo necesario por tanto esperar a que el taquígrafo lo haga cuando recupere su salud.

A nuestro juicio procede la desestimación del recurso por ser éste frívolo e interpuesto con el propósito de dilatar y obstaculizar la vista del caso en sus méritos.

En la resolución concediendo el nuevo juicio la corte inferior se expresó así:

"Réstanos considerar si la demandante nos ha presentado un caso con méritos suficientes para justificar se celebre un nuevo juicio. Sólo tenemos ante nos las alegaciones, la moción de nuevo juicio, parte de la prueba documental, y la transcripción de parte de la evidencia de los demandados. La lectura de las declaraciones de los demandados Meléndez y Rivera (el demandado El Koury no declaró), y de la opinión de la corte, es suficiente para indicar que la demandante bien pudo obtener del Tribunal Supremo la revocación de la sentencia, y que por lo tanto, *ya que es imposible la apelación al Tribunal Supremo,* debe dársele a la demandante la oportunidad de un nuevo juicio. Además, de las alegaciones aparece que, aun cuando no hubiese mediado fraude o simulación, la venta judicial a El Koury es nula en tanto en cuanto pueda afectar los intereses de la demandante, ya que ella no fué parte en la acción promovida por Meléndez, ni podía Rivera representarla a ella ni a la sociedad de gananciales, disuelta con anterioridad como resultado del divorcio de los cónyuges." Bastardillas nuestras.

La razón fundamental que tuvo esta corte, al reservar a Celia Olmedo el derecho a solicitar de la corte inferior la concesión de un nuevo juicio, fué, que habiendo intervenido en el juicio dos taquígrafos y tomado cada uno de

ellos una parte distinta de la evidencia, al fallecer uno de dichos taquígrafos sin haber podido transcribir sus notas, a la apelante se le hizo absolutamente imposible presentar la transcripción de evidencia necesaria para perfeccionar su apelación. Hizo la apelante cuanto le fué posible dentro de las circunstancias del caso. Obtuvo una transcripción de la parte de la evidencia tomada por el taquígrafo sobreviviente, y preparó una exposición del caso, sometiéndola a la aprobación de uno de los jueces de la corte inferior, quien se negó a aprobarla. Esta Corte Suprema se negó igualmente a darle su aprobación, pero considerando que sería injusto privar a la apelante del derecho que la ley le concede a toda parte para que la sentencia que contra ella se dicte pueda ser revisada en apelación por esta Superioridad, le reservó a dicha parte el derecho de acudir a la corte inferior en solicitud de nuevo juicio.

La corte inferior, como hemos visto, opinó que la parte de prueba documental y la transcripción parcial de evidencia que le fueron presentadas eran suficientes "para indicar que la demandante bien pudo obtener del Tribunal Supremo la revocación de la sentencia." Aun cuando al examinar la prueba que tuvo ante sí la corte inferior nos viésemos obligados a diferir de su opinión en cuanto a la suficiencia de la evidencia, siempre tendríamos ante nuestra vista como una incógnita imposible de eliminar la evidencia tomada y no transcrita por el difunto taquígrafo, la cual podría bastar para llevar a nuestro ánimo la convicción de que la corte inferior erró al desestimar la demanda. Fué la imposibilidad absoluta de reproducir esa prueba la que nos indujo a reservar a la demandante el único camino que le quedaba para poder tener su día en corte, el nuevo juicio.

Somos de opinión que la corte inferior no erró al conceder el nuevo juicio y que siendo ese supuesto error la base de este recurso, *el mismo debe ser desestimado por frívolo.*

El Juez Asociado Sr. Todd, Jr., no intervino.